IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KAYLA BUMPUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:16-cv-01209-TWT-JFK |
| NATIONAL CREDIT SYSTEMS, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO THE APPLICATION
FOR ADMISSION *PRO HAC VICE* FILED BY CHARITY OLSON**

Pursuant to Local Rule 83, Plaintiff respectfully submits the following brief in response to the Application for Admission *Pro Hac Vice* filed by Charity Olson on March 8, 2017 in the captioned case.

INTRODUCTION

Over the last year, the Petitioner, Ms. Charity Olson, has repeatedly violated Local Rule 83.1.  The evidence readily available to this Court proves that: (1) Ms. Olson is licensed to practice law in Michigan and is not a member of the State Bar of Georgia or the Bar of this Court, (2) Ms. Olson has appeared as counsel of record in nine cases pending in this Court since 2014, and (3) Ms. Olson was admitted *pro hac vice* in only one of those cases.

These were not mere technical violations of the Rules that were quickly cured.  Rather, Ms. Olson has spent nearly a year actively litigating eight cases in this Court without being admitted to practice in this Court and without local counsel.  These lengthy and repeated violations of the Local Rules raise an inference that Ms. Olson has intentionally disregarded the rules of practice before this Court, specifically Local Rule 83.1.  For this reason, Plaintiff requests that the Court defer action on Ms. Olson's Application for *pro hac vice* admission until such time as she adequately explains her conduct.  In the interim, Defendant's interests can be protected by Mr. Kyle Kotake, a Georgia lawyer who entered an appearance for Defendant and moved Ms. Olson's admission.

## STATEMENT OF FACTS

Defendant National Credit Systems, Inc. is a Georgia corporation that is headquartered in Atlanta.  Since May 2016, Defendant has been represented by Ms. Olson in this case.  Ms. Olson is licensed to practice law in Michigan and maintains her office in Ann Arbor.  She is not a member of the State Bar of Georgia.  A review of this Court's dockets reveals that Ms. Olson has represented Defendant in more than a half dozen cases, and appears to be Defendant's usual counsel for consumer litigation in this

District (which raises a question as to whether Defendant was aware of the circumstances at issue here).

In her pending Application for Admission *Pro Hac Vice*, Ms. Olson represents that she has entered an appearance in nine cases in this Court. [Docket #46, p. 2].  In the first of those cases, *Cummings v. National Credit Systems, Inc.*, Civil Action No. 1:14-cv-02087-CC, Ms. Olson filed a proper application for admission *pro hac vice* on October 27, 2014, which was granted on November 3.  [*Cummings* Docket #7 and #8]  Ms. Olson's compliance with Local Rule 83 in the *Cummings* case demonstrates that she had *actual* knowledge of this Court's rules regarding *pro hac vice* admission no later than October 2014.

Chronologically, the next case in which Ms. Olson appeared in this Court was *Jarrell v. National Credit Systems, Inc.*, Civil Action No. 1:16-cv-00503-WCO.  The *Jarrell* case was filed on February 17, 2016.  [*Jarrell* Docket #1]  Ms. Olson entered her appearance on May 13, filing an Answer and a Certificate of Interested Persons on behalf of her client.  [*Jarrell* Docket #7 and #8]  One month later, on June 13, Ms. Olson filed Initial Disclosures. [*Jarrell* Docket #10]  She must have also participated in the 26(f) conference, because the Joint Preliminary Report was filed that same day.  [*Jarrell* Docket

#11]  After these preliminary filings, Ms. Olson litigated the case for the next seven months, during which time the parties sought and obtained two extensions of discovery.  A notice of settlement was filed in the case on January 12, 2017.  [*Jarrell* Docket #16]  During the eight months that she served as counsel of record in the *Jarrell* case, Ms. Olson was not admitted to practice in this Court, never sought or obtained admission to practice *pro hac vice* and never associated local counsel.

If Ms. Olson's failure to comply with the rules of this Court in the *Jarrell* case were an isolated incident, it would perhaps be excusable.  However, with only minor variations, Ms. Olson's conduct in *Jarrell* has been repeated a shocking seven times.  To wit:

1.     *Jackson v. National Credit Services, Inc.*, Civil Action No. 1:16-cv-01029 was filed on March 30, 2016.  [*Jackson* Docket #1]  Ms. Olson entered her appearance on May 31, filing an Answer on behalf of her client.  [*Jackson* Docket #8]  She filed a Certificate of Interested Persons and Initial Disclosures on June 30.  [*Jackson* Docket #8 and #9]  She participated in the Rule 26(f) conference, as the Joint Preliminary Report was filed on July 20. [*Jackson* Docket #14]  For the next five months, she apparently participated in discovery.  On January 3, she engaged in motions practice, filing a brief in

opposition to the plaintiff's motion for summary judgment. [*Jackson* Docket #20]   During this entire time, Ms. Olson was not admitted to practice in this Court, never sought or obtained admission to practice *pro hac vice* and never associated local counsel.   After improperly litigating the case for nearly a year, Ms. Olson finally filed a motion for admission *pro hac vice* on March 8, 2017, but only after receiving a notice from the clerk's office. [*Jackson* Docket #23 and #26]

2.     *Robles v. National Credit System, Inc.*, Civil Action No. 1:16-cv-01511 was filed on May 10, 2016. [*Robles* Docket #1]   Ms. Olson filed an Answer and Certificate of Interested Persons on behalf of the Defendant on June 29. [*Robles* Docket #3 and #4]   She filed Initial Disclosures on August 1. [*Robles* Docket #5] She litigated the case for the next three months.   During that time, she was not admitted to the Bar of this Court and was not admitted to practice in the case on a *pro hac vice* basis.[1]   The case was settled and dismissed with prejudice on October 12.   [*Robles* Docket #8 and #9]

---

[1] Three and one-half months after the Answer was filed, Mr. Kyle Kotake, who is Ms. Olson's proposed local counsel in this case, entered an appearance on behalf of the defendant.   [*Robles* Docket #7]   However, he did not appear until September 9 and did not seek *pro hac vice* admission for Ms. Olson.

3.      *Almagur v. National Credit Systems, Inc.*, Civil Action No. 1:16-cv-02792-LMM was filed on August 1, 2016.  [*Almagur* Docket #1]  Ms. Olson filed an Answer and a Certificate of Interested Persons on behalf of the defendant on October 17.  [*Almagur* Docket #5 and #6]  She filed Initial Disclosures on November 16 and must have participated in the 26(f) conference, because the Joint Preliminary Report was filed that same day. [*Almagur* Docket #7 and #8]  For four and a half months, Ms. Olson served as counsel for the defendant in the *Almagur* case, despite the fact that she was not admitted to practice in this Court, never sought or obtained admission to practice *pro hac vice* and never associated local counsel.  Ms. Olson finally filed a motion for admission *pro hac vice* in the *Almagur* case on March 8, 2017, but only after receiving a notice from the clerk's office. [*Almagur* Docket #11 and #12]

4.      *Taylor v. Equifax Information Services, LLC*, Civil Action No. 1:16-cv-03568-MHC was filed on September 23, 2016.  [*Taylor* Docket #1]  Ms. Olson filed an Answer on behalf of her client on November 22 and Initial Disclosures on December 21.  [*Taylor* Docket #22 and #30]  She must have participated in the 26(f) conference, as the Joint Preliminary Report was filed a day later, on December 22.  [*Taylor* Docket #34]  The claims against Ms.

Olson's client were dismissed without prejudice on January 30, 2017, and do not appear to have been refiled.  [*Taylor* Docket #53]  Despite having served as counsel of record for a defendant in the *Taylor* case for more than two months, Ms. Olson never sought or obtained admission to practice *pro hac vice* and never associated local counsel.

5.   *Mosley v. Equifax Information Services, LLC et al*, Civil Action No. 1:16-cv-03614-MHC was filed on September 26, 2016.  [*Mosley* Docket #1] Ms. Olson filed an Answer for her client on November 23 and Initial Disclosures on December 23.  [*Mosley* Docket #12 and #22] She has apparently been litigating the *Mosley* case without being admitted *pro hac vice* and without associating local counsel since that time.  Ms. Olson filed a motion for admission *pro hac vice* on March 8, 2017, but only after receiving a notice from the clerk's office.  [*Mosley* Docket #32 and #35]

6.   *Collins v. National Credit Systems, Inc.*, Civil Action No. 1:16-cv-04350-AT was filed on November 23, 2016.  [*Collins* Docket #1]  On January 25 of this year, Ms. Olson filed a Certificate of Interested Persons and an Answer on behalf of her client. [*Collins* Docket #10 and #11]  On February 10, she filed Initial Disclosures and apparently participated in the Rule 26(f) conference as the Joint Preliminary Report was filed the same day.  [*Collins*

Docket #14 and #15]   Ms. Olson finally filed a motion for admission *pro hac vice* on March 8, 2017, but only after receiving the now familiar notice from the clerk's office.  [*Collins* Docket #13 and #19]

In this case, the story is virtually identical.  Ms. Bumpus' Complaint was filed on April 14, 2016.   [Docket #1]   Ms. Olson made her first appearance in the case on May 17, filing an Answer and Certificate of Interested Persons on behalf of Defendant National Credit Systems, Inc. [Docket #5 and #6]  She participated in the 26(f) conference, which was held on June 9.  [Docket #8, p. 8]  She filed Defendant's Initial Disclosures on June 24.  [Docket #14]  Thereafter, Ms. Olson participated in extensive discovery. She responded to multiple rounds of written discovery on behalf of her client and represented her client in five depositions.  She issued subpoenas to five nonparties and filed motions to compel against four of them.  [Docket #29, #30, #31 and #32]  In short, Ms. Olson has actively litigated this case for the last nine months *without* being a member of the Bar of the Court, *without* having been admitted *pro hac vice* and *without* having associated local counsel.  As with the other cases discussed above, Ms. Olson's motion for admission *pro hac vice* was filed two days ago and only after prompting from the clerk's office.

Prior to filing this Brief, undersigned counsel (1) provided a draft of it to Ms. Olson and Defendant's new Georgia lawyer, Mr. Kotake and (2) had telephone discussions with both Ms. Olson and Mr. Kotake.  Ms. Olson did not dispute any of the facts alleged above.  She stated that she did not intentionally violate the Rules of this Court and that her failure to comply with the Rules was simply an oversight.

## ARGUMENT AND CITATION OF AUTHORITY

Local Rule 83.1B(1) provides that a nonresident attorney may not appear in any case until such time as "the applicant's application for admission *pro hac vice* has been signed by the district judge or, in cases in which the parties have consented to a magistrate judge presiding, the magistrate judge to whom the case is assigned."  *Id*.  Against this standard, there is no question that Ms. Olson violated Local Rule 83.1B(1) in this case and in the *Jarrell, Jackson, Robles, Almagur, Taylor, Mosley* and *Collins* cases.  She appeared in those cases without being admitted to the Bar of the Court on a *pro hac vice* basis or otherwise.

It is also important to note that Ms. Olson's violations of the Rule were not merely technical in nature.  As demonstrated above, Ms. Olson has substantively litigated eight cases in this Court for the better part of a year.

She has filed pleadings, participated in 26(f) conferences, propounded and responded to written discovery, served subpoenas on non-parties, taken and defended depositions, filed motions to compel, responded to dispositive motions and dismissed cases.  She did all this without being admitted to practice in this Court, without being admitted *pro hac vice* and without the assistance of local counsel.  Had the Clerk of Court not noted Ms. Olson's status as a nonresident attorney, there is little doubt that she would still be engaged in the unauthorized practice of law in this Court.

It is also difficult to believe that Ms. Olson's failure to comply with Local Rule 83.1B(1) was simply an oversight.  She had actual knowledge of the need to obtain admission to practice *pro hac vice* in this Court as evidenced by her compliance with Local Rule 83.1 in the 2014 *Cummings* case.  Yet less than two years later, she seemingly ignored the requirements of the Local Rules in this case and in the *Jarrell, Jackson, Robles, Almagur, Taylor, Mosley* and *Collins* cases.

Faced with these apparent violations of Local Rule 83.1, the Court has at least two options for further proceedings.  First, the Court can entertain contempt proceedings under Local Rule 83.1F(7), which states, in full, that:

(7) Unauthorized Practice. **Any person who before admission to the bar of this court** or who while disbarred or suspended from the bar of this court **exercises any of the privileges bestowed upon members of this bar or who pretends to be entitled to such privileges shall be guilty of contempt** of this court and shall be subject to punishment therefor and shall be subject to any other discipline which the court may impose.

(Emphasis added.)  Obviously, contempt proceedings require that Ms. Olson be given notice and an opportunity to be heard.

Second, the Court can consider whether to deny Ms. Olson's Application.  Under controlling 11th Circuit precedent, the Court must give Ms. Olson notice and an opportunity to be heard before it can deny her the privilege of appearing in this Court on a *pro hac vice* basis.  *Schlumberger Technologies, Inc. v. Wiley*, 113 F.3d 1553, 1559 (11th Cir. 1997).  If the evidence presented at the hearing demonstrates that she is "guilty of unethical conduct of such a nature as to justify disbarment of a lawyer admitted generally to the bar of the court," then the Application may be denied.  *Id.*

While the Court addresses this issue, Defendant's interests can be protected by Mr. Kyle Kotake.  Mr. Kotake is a member of the State Bar of Georgia and is admitted to practice in this Court.  Mr. Kotake entered an appearance for Defendant two days ago and moved Ms. Olson's admission. As a result, the Court should not extend any existing deadline in this case.

Discovery was extended three times in this case, the last two times without Plaintiff's consent and over Plaintiff's objection.  Any further delay in case would be prejudicial to Plaintiff.

## CONCLUSION

In light of the foregoing, Plaintiff respectfully requests that the Court defer action on Ms. Olson's Application for Admission Pro Hac Vice until such time as she is afforded an opportunity to explain her conduct and the issues raised herein are resolved.

This 10th day of March, 2017.

MCRAE BERTSCHI & COLE LLC
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338

*/s Craig E. Bertschi*
Craig E. Bertschi
Georgia Bar No. 055739
ceb@mcraebertschi.com
678.999.1102

*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KAYLA BUMPUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:16-cv-01209 |
| NATIONAL CREDIT SYSTEMS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing

document in the captioned case using the Court's Electronic Filing System,

which will generate a Notice of Electronic Filing and which constitutes

sufficient service under Local Rule 5.1A(3).

This 10th day of March, 2017.

/s Craig E. Bertschi
Craig E. Bertschi