**PATTERN JURY CHARGE 1**
**FACE PAGE - INTRODUCTION**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KAYLA BUMPUS,

    Plaintiff,

      v.

NATIONAL CREDIT SYSTEMS,
INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:16-CV-1209-TWT

COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in

deciding this case.

When I have finished, you will go to the jury room and begin your

discussions, sometimes called deliberations.

T:\CIVIL\Bumpus v. National\jury instructions.wpd

BASIC INSTRUCTIONS 3.2.2
The Duty to Follow Instructions—Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## BASIC INSTRUCTIONS 3.3
### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal

difference in the weight you may give to either direct or circumstantial evidence.

BASIC INSTRUCTIONS 3.4
Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

· Did the witness impress you as one who was telling the truth?

· Did the witness have any particular reason not to tell the truth?

· Did the witness have a personal interest in the outcome of the case?

· Did the witness seem to have a good memory?

· Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

BASIC INSTRUCTIONS 3.5.1
Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## BASIC INSTRUCTIONS 3.7.1
### Responsibility for Proof—Plaintiff's Claim[s], Cross Claims, Counterclaims—Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff to prove every essential part of her claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim[s] by a preponderance of the evidence, you should find for the Defendant as to that claim.

PLAINTIFF'S REQUEST TO CHARGE NO. 15

Before instructing you on the law concerning the elements of the Plaintiff's claims under the Fair Credit Reporting Act, let me explain to you Georgia law regarding security deposits and damages to rental housing.

"[W]ithin one month after the termination of the residential lease or the surrender and acceptance of the premises, whichever occurs last, a landlord shall return to the tenant the full security deposit which was deposited with the landlord by the tenant. No security deposit shall be retained to cover ordinary wear and tear which occurred as a result of the use of the premises for the purposes for which the premises were intended, provided that there was no negligence, carelessness, accident, or abuse of the premises by the tenant or members of his household or their invitees or guests. In the event that actual cause exists for retaining any portion of the security deposit, the landlord shall provide the tenant with a written statement listing the exact reasons for the retention thereof. If the reason for retention is based on damages to the premises, such damages shall be listed" on a comprehensive list of damages done to the premises.

"Within three business days after the date of the termination of occupancy, the landlord or his agent shall inspect the premises and compile a comprehensive list of any damage done to the premises which is the basis for any charge against the security deposit and the estimated dollar value of such damage. The tenant shall have the right to inspect the premises within five business days after the termination of the occupancy in order to ascertain the accuracy of the list."

"The failure of a landlord to provide [the tenant with (1) comprehensive list of damage done to the premises within three days of termination of occupancy and (2) a written statement listing the exact reasons for the retention of the tenant's security deposit within one month of the termination of the lease] shall work a forfeiture of all [the landlord's] rights to withhold any portion of the security deposit or to bring an action against the tenant for damages to the premises."

## PLAINTIFF'S REQUEST TO CHARGE NO. 10
### Elements of a claim under 15 U.S.C. § 1681s-2(b)

Plaintiff contends that Defendant violated Section 623 of the Fair Credit Reporting Act. In order to prove her case, plaintiff must prove by a preponderance of the evidence that: (1) defendant furnished inaccurate or unverifiable information about her to a consumer reporting agency, (2) plaintiff disputed the accuracy or verifiability of that information with the consumer reporting agency, (3) defendant failed to conduct a reasonable reinvestigation of plaintiff's dispute, and (4) plaintiff proximately suffered damages as a result thereof.

PLAINTIFF'S REQUEST TO CHARGE NO. 11
Furnisher's duty to conduct a reinvestigation

Upon receipt of a notice of a consumer dispute from a consumer reporting agency, a furnisher of information "must: (1) conduct a reinvestigation with respect to the disputed information; (2) review all relevant information provided by the [consumer reporting agency] in connection with the dispute; and (3) report the results of the reinvestigation to the [consumer reporting agency]."

PLAINTIFF'S REQUEST TO CHARGE NO. 12
Furnisher's reinvestigation must be reasonable

The reinvestigation conducted by the furnisher must be "reasonable." This standard requires furnishers to make "a detailed inquiry," "systematic examination" or "searching inquiry" into a consumer's dispute.

"[W]hen a furnisher does not already possess evidence establishing that an item of disputed information is true, the law requires the furnisher to seek out and obtain such evidence before reporting the information as verified."

A furnisher is able to satisfy its burden of conducting a reasonable reinvestigation and verifying the disputed information "by uncovering documentary evidence that is sufficient to prove that the information is true" or "by relying on personal knowledge sufficient to establish the truth of the information."

Personal knowledge is first-hand knowledge that is acquired through one of the five senses. It is not hearsay or information learned through a third-party.

PLAINTIFF'S REQUEST TO CHARGE NO. 13
Results of the reinvestigation

"[I]f an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation . . . for purposes of reporting to a consumer reporting agency only," the furnisher must "promptly – (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information."

PLAINTIFF'S REQUEST TO CHARGE NO. 16
Negligent violation of 15 U.S.C. § 1681s-2(b)

Plaintiff contends that Defendant negligently violated the Fair Credit Reporting Act, which Defendant denies. The standard for determining negligence is the reasonably prudent person standard. In other words, when reinvestigating Plaintiff's dispute, "what would a reasonably prudent person do"?

### DEFENDANT'S REQUEST TO CHARGE
#### Actual Damages

If Plaintiff has proven that harm or injury caused by Defendant's failure to comply with the FCRA, then you should award Plaintiff actual damages to compensate her for that harm or injury. Actual damages are meant to fairly and compensate a person, and include lost wages, benefits, out-of-pocket expenses, harm to reputation, as well as mental and emotional distress, such as personal humiliation, embarrassment, anguish, and stress-related suffering. Which, if any, of the type of actual damages have been proved by Plaintiff is for you to decide, based upon evidence and not upon speculation, guess or conjecture.

Mental or emotional distress damages are customarily proved by showing the nature and circumstances of the wrong and its effect on the plaintiff. Plaintiff's testimony alone may suffice to establish damages for mental or emotional distress so long as Plaintiff reasonably and sufficiently explained the circumstances surrounding the injury. However, mere conclusory statements, alone, are not sufficient to establish damages for mental or emotional distress.

The amount of money to be awarded for certain of these elements of damage, such as mental and emotional distress, cannot be proven in a precise dollar amount. The law leaves such amount to your sound judgment.

PLAINTIFF'S REQUEST TO CHARGE NO. 17
Willful violation of 15 U.S.C. § 1681s-2(b)

Plaintiff contends, in the alternative, that Defendant willfully violated the Fair Credit Reporting Act, which Defendant denies. "A [furnisher] may be liable for willful violations of the Fair Credit Reporting Act. To show willful noncompliance with the Act, a consumer must show that the [furnisher] knowingly and intentionally or recklessly committed an act [or omission] in conscious disregard for rights of others, but need not show malice or evil motive."

PLAINTIFF'S REQUEST TO CHARGE NO. 19
Damages for a willful violation of 15 U.S.C. § 1681s-2(b)

"In the case of any successful action to enforce liability for willful noncompliance [with the Fair Credit Reporting Act], the consumer may recover actual damages or damages of not less than $100 and not more than $1,000."

PLAINTIFF'S REQUEST TO CHARGE NO. 20
Liability for punitive damages

"A consumer may [also] recover punitive damages for a willful violation of the Fair Credit Reporting Act. Punitive damages may be recovered for willful noncompliance even if there are no actual damages. For example, although a plaintiff suffered no lost wages or medical expenses as result of a willful violation of the Act, the plaintiff may be entitled to punitive damages as the consumer reporting agency recklessly trampled upon the plaintiff's rights under the Act."

"Malice or evil motive is not necessary to satisfy the punitive damages provision of the Act. It must be shown that there has been a willful noncompliance with the Act."

## DEFENDANT'S REQUEST TO CHARGE
### Punitive Damages

If you find that Defendant willfully failed to comply with the FCRA, then you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant for its conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future. Plaintiff need not prove actual damages to be awarded punitive damages.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party.

In determining the amount of any punitive damages, you should consider the following factors:

1.      the reprehensibility of Defendant's conduct;

2.      the impact of Defendant's conduct on Plaintiff;

3.      the relationship between Plaintiff and Defendant;

4.     the likelihood that Defendant would repeat the conduct if an

award of punitive damages is not made; and

5.     the relationship of any award of punitive damages to the

amount of actual harm the Plaintiff suffered.

BASIC INSTRUCTIONS 3.8.1
Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

BASIC INSTRUCTIONS 3.9
Election of Foreperson Explanation of Verdict Form[s]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should

remain in the jury room and not be shared with anyone, including me, in

your note or question.