IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KAYLA BUMPUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:16-cv-01209-TWT-JFK |
| NATIONAL CREDIT SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF CRAIG E. BERTSCHI

Pursuant to 28 U.S.C. § 1746, Craig E. Bertschi, declares as follows:

1.     I am a member of the law firm of McRae Bertschi & Cole LLC ("MB&C" or the "firm"), which is located at Suite 200, 1350 Center Drive, Dunwoody, Georgia 30338.  The firm served as counsel of record to the plaintiff, Ms. Kayla Bumpus, in the captioned case.

2.     I graduated *magna cum laude* from Emory University in 1987 with a BA in Political Science and History.  I graduated *magna cum laude* from the University of Georgia School of Law in 1990 with a JD.  While in law school, I served on the Editorial Board of the *Georgia Law Review*, and I am a member of the Order of the Coif.

3.     I was admitted to the State Bar of Georgia in June 1990 and have been a member, in good standing, continuously since that time.  I am also admitted to

practice law in the Georgia Court of Appeals, the Georgia Supreme Court, the United States Courts of Appeal for the Fourth, Ninth and Eleventh Circuits and the United States District Court for the Northern District of Georgia.

4.    I began my legal career in August 1990 as an associate with the law firm of Kilpatrick & Cody.  I was elected to the partnership effective January 1, 1998 and remained with that firm, which is now known as Kilpatrick, Townsend & Stockton, LLP ("KTS"), until March 2015.

5.    During the 25 years that I was an associate and partner with KTS, I was a litigator.  My practice focused on (i) commercial litigation and (ii) the defense of class actions based on consumer protection laws, primarily the Fair Credit Reporting Act (the "FCRA").

6.    In March 2015, I left KTS and formed MB&C.  Throughout most of the time the captioned case was pending, MB&C had two full-time attorneys, myself and Mr. Charles J. Cole.  We also have a part-time associate, Ms. Kimberly W. Bertschi.

   a.    Mr. Cole has provided a Declaration in support of Ms. Bumpus' motion for attorneys fees wherein he describes his experience as a practicing attorney.

   b.    Ms. Bertschi was admitted to the State Bar of Georgia in June 1990 and began her legal career as an associate with the law firm of Constangy

Brooks & Smith in July 1990.  From the spring of 1995 until March 2015, Ms.

Bertschi was fully engaged in raising a family and was inactive as an attorney.  In

March 2015, Ms. Bertschi resumed the practice of law.  She now works for MB&C

as an associate and on a part-time basis.  Ms. Bertschi also performs paralegal and

tasks for the firm.

7.     Since forming MB&C, I have continued to focus my practice on (i)

commercial litigation and (ii) FCRA litigation.  In FCRA cases, I now exclusively

represent plaintiffs/consumers.

8.     I am AV® rated by Martindale-Hubbell and was recognized by *The*

*Best Lawyers in America*® in 2014, 2015, 2016 and 2017 for Banking & Finance

Litigation.  A current copy of my *curriculum vitae* is attached hereto as Exhibit A.

<u>My experience in Fair Credit Reporting Act cases
and related consumer protection laws</u>

9.     I have over 15 years of experience litigating cases under the FCRA.

My class action experience under the FCRA (and related consumer protection

laws) includes the following cases:

    a.    *Hillis v. Equifax Consumer Services, Inc. et al.*, United States
        District Court Efor the Northern District of Georgia, Atlanta
        Division, Civil Action No. 1:04-cv-3400-BBM, alleging
        violations of the Credit Repair Organizations Act.

    b.    *Millett v. Equifax Credit Information Services, Inc. et al.*, United
        States District Court for the Northern District of Georgia,
        Atlanta Division, Civil Action No. 1:05-cv-02122-TCB, alleging
        violations of the Fair Credit Reporting Act.

c.     *Pike v. Equifax Information Services, LLC*, United States District Court for the Central District of California, Civil Action No. 8:05-cv-01172-DOC-MLG, alleging violations of the Fair Credit Reporting Act.

d.     *White v. Experian Information Solutions et al.* and *Hernandez v. Experian Information Solutions et al.*, United States District Court for the Central District of California, Civil Action No. 05-cv-01070-00C, alleging violations of the Fair Credit Reporting Act.

e.     *Harris v. Equifax Information Services, LLC*, United States District Court for the Eastern District of Virginia, Richmond Division, Civil Action No. 3:06-cv-582, alleging violations of the Fair Credit Reporting Act.

f.     *Harris v. Equifax Information Services, LLC,* United States District Court for the District of South Carolina, Anderson Division, Civil Action No. 6:06-cv-01810-GRA, alleging violations of the Fair Credit Reporting Act.

g.     *Premium Mortgage Corp. v. Equifax Information Services, et al.,* United States District Court for the Western District of New York, Civil Action No. 07-cv-6349, alleging misappropriation of trade secrets.

h.     *James D. Hinson Electrical Contracting Co., Inc. v. BellSouth Telecommunications, Inc.,* United States District Court for the Middle District of Florida, Jacksonville Division, Civil Action No. 3:07-cv-00598, alleging violations of Florida's Deceptive and Unfair Trade Practices Act and various common law claims.

i.     *Griffin v. Harley Davidson Credit Corporation and Eaglemark Savings Bank*, United States District Court for the District of South Carolina, Civil Action No. 8:08-cv-00466-HFF, alleging violations of the South Carolina Consumer Protection Code arising from certain late fees charged in connection with consumer finance contracts.

j.     *Black v. Winn-Dixie Stores, Inc.,* United States District Court for the Middle District of Florida, Jacksonville Division, Civil

Action No. 3:09-cv-00502, alleging claims for violations of the Fair Credit Reporting Act.

k.    *Johnston v. Community Bank & Trust*, United States District Court for the Middle District of Alabama, Civil Action No. 2:10-cv-00774-MEF-SRW, alleging claims for violations of the Electronic Funds Transfer Act.

l.    *Jackson v. Metscheck, Inc.*, United States District Court for the Northern District of Georgia, Atlanta Division, Civil Action No. 1:11-cv-022735-TWT, alleging claims for violations of the Fair Credit Reporting Act.

m.    *Wyatt v. Early Warning Services, LLC et al.*, United States District Court for the Eastern District of Virginia, Richmond Division, Civil Action No. 3:13-cv-00662, alleging claims for violations of the Fair Credit Reporting Act.

n.    *Steadman v. Bassett Furniture Industries, Inc. et al.*, United States District Court for the Southern District of California, Civil Action No. 3:13-cv-00308-JAH-RBB, alleging claims for violations of California's Song-Beverly Act.

o.    *Johnson v. NCR Corporation et al.*, United States District Court for the Northern District of Georgia, Atlanta Division, Civil Action No. 1:15-cv-02261-TWT, alleging violations of the Fair Credit Reporting Act.

10.    MB&C's FCRA practice is not a "high-volume" practice. I personally and carefully screen all FCRA cases before accepting representation. I will not accept representation in an FCRA case unless I am confident that the case (i) will survive summary judgment, (ii) will be persuasive to a jury and (iii) that I personally have the time and resources to carry the case through trial, if need be. As a result, I file no more than 5-6 FCRA cases per year, and they receive the same time and attention as to my commercial cases.

<u>Basis for my opinions</u>

11.     I served as lead counsel for the plaintiff, Ms. Kayla Bumpus, in the captioned case.  I personally (i) conducted the pre-suit investigation of this case, (ii) drafted every pleading, motion paper and response filed by Ms. Bumpus in this case, (iii) prepared and reviewed all written discovery served in this case and (iv) took or defended every deposition taken in this case.  I served as lead trial counsel for Ms. Bumpus.  And, to the best of my knowledge, I participated in every substantive communication with opposing counsel and the Court regarding this case.  In short, I am thoroughly familiar with every aspect of this case.

12.     Attached hereto as Exhibit B are the time records for all legal services performed by MB&C attorneys on behalf of Ms. Bumpus in this case.  These time records were made (i) by MB&C attorneys, including myself, (ii) who had personal knowledge of the work described therein, (iii) in the regular course of MB&C's business and (iv) at or near the time the work was, in fact, performed.  It is the regular practice of MB&C attorneys to make and keep time records such as these. Because the expenses incurred by Ms. Bumpus in this case are the subject of Plaintiff's Bill of Costs [Docket #94], I have redacted them from Exhibit B to avoid any confusion.

13.     As a result of my 27 years of practicing law in the Atlanta metropolitan area and my experience in FCRA cases, I am also familiar with the

prevailing market rates in Atlanta that are charged by lawyers of reasonably comparable skills, experience and reputation when handling FCRA litigation. While a partner at KTS and MB&C, I have participated in setting and adjusting billing rates for partners and associates who focus their practices on litigation.

14.    I considered the information described above when forming the opinions set forth in this Declaration.

### Reasonableness of the firm's hourly rates in single plaintiff/non-class action FCRA cases

15.    I handle FCRA cases on both hourly fee and contingent fee arrangements. When handling single plaintiff/non-class FCRA cases on an hourly fee/non-contingent fee basis and where I am sole or lead counsel, my standard rate is $425 per hour.   For purposes of valuing my time in single plaintiff and/or non-class action FCRA cases that I handle on a contingent fee basis and where I am sole or lead counsel, my hourly rate is $450 per hour.  The difference in my rates reflects a small premium for the risk entailed in contingent fee litigation.

16.    Mr. Cole also works on contingent fee FCRA matters with me.  For purposes of valuing Mr. Cole's time in single plaintiff and/or non-class action FCRA cases that we handle on a contingent fee basis, Mr. Cole's hourly rate is $400 per hour.

17.     Ms. Bertschi provides the firm with associate and paralegal services. Ms. Bertschi's hourly rate is $150 when providing legal services as an attorney. Ms. Bertschi's hourly rate is $25 when providing paralegal tasks for MB&C.

18.     Based on my experience described above and as set forth in my *curriculum vitae*, I am of the opinion that the hourly rates described in Paragraphs 15-17 above are reasonable and are actually lower than the customary rates for attorneys practicing in the Atlanta area with similar experience and expertise in handling single plaintiff/non-class action cases asserting claims for alleged violations of the FCRA on a contingent fee basis.

<u>Reasonableness of attorneys fees incurred in this matter</u>

19.     From inception through trial, MB&C attorneys devoted a total of 407.3 hours to this case, having a total value of $175,070 at the rates set forth in Paragraphs 15-17 above.  Approximately two-thirds of the time worked by MB&C attorneys in this case (272.9 hours) occurred in three months: (1) April 2017, when preparing a response to NCS' motion for summary judgment, (2) March 2018, when preparing for trial, and (3) April 2018, when trying the case.

20.     For the Court's convenience, the hours worked, the rates applied and the total value of that work by timekeeper and in the aggregate are as follows:

| ATTORNEY | HOURS WORKED | HOURLY RATES | TOTAL |
|---|---|---|---|
| Craig E. Bertschi | 287.0 | $450 | $129,150.00 |
| Charles J. Cole | 114.3 | $400 | $45,720.00 |
| Kimberly W. Bertschi | 6.0 | $150/$25 | $200.00 |
| TOTAL | 407.3 | | $175,070.00 |

21.     Based on the facts set forth in this Declaration, my personal knowledge of litigating this case, my experience and familiarity with the FCRA and the practical considerations surrounding litigating single plaintiff/non-class FCRA cases on a contingent fee basis, it is my opinion that the hours worked by Ms. Bumpus' counsel in this case were reasonable and necessary.

22.     Factors that are of particular significance to my opinion in this regard are set forth in the remainder of this Declaration.

### Pre-suit investigation

23.     As part of my *pro bono* activities, I have provided advice, training and other assistance regarding the FCRA to several public interest law firms/organizations in Georgia, including Atlanta Legal Aid, the Georgia Justice Project and the Georgia Legal Services Program.  As a result of these activities, I occasionally receive client referrals from these organizations.

24.     In March 2016, Ms. Bumpus was referred to me by my contacts at Atlanta Legal Aid.  My understanding is that Ms. Bumpus was an intern for Atlanta Legal Aid while she was in law school.

25.     Prior to accepting Ms. Bumpus' case, I conducted a thorough investigation of her claims, which met the criteria set forth in Paragraph 10 above. Based on the results of my pre-suit investigation, the firm agreed to represent Ms. Bumpus on a contingent fee basis at 40% once suit was filed.  Thereafter, I prepared and filed the complaint in this case.

26.     By accepting this case, I was precluded from taking on additional commercial litigation, which comprises more than half my practice of law, and other FCRA cases.

<u>Lean staffing</u>

27.     I personally conducted virtually all of the pleading, discovery and motions practice in the case without assistance from Mr. Cole.  I was the only attorney who attended depositions for Ms. Bumpus.  Mr. Cole did not have significant involvement in this case until March 2018, after NCS' motion for summary judgment was denied and after the case was calendared for trial.  Of the 114.3 hours that Mr. Cole worked on this case, 91% (103.8 hours) were recorded in March and April 2018, which were the month before trial and the month the case

- 10 -

was tried.  As an experienced trial lawyer, Mr. Cole's assistance with preparing the case for trial was necessary.

### Ms. Bumpus' efforts to streamline the case

28.     Because MB&C is a small firm with limited resources, we must handle all cases as efficiently as possible.  To that end, I make extensive use of requests for admission in FCRA cases in order to (i) narrow the issues in discovery and at trial, (ii) avoid unnecessary depositions of the credit reporting agencies, (iii) avoid unnecessary document productions by the credit reporting agencies and other nonparties, such as eOscar, and (iv) simplify proof with respect to some of the more complex issues inherent in FCRA litigation.

29.     In this case, I served NCS with a set of requests for admission early in the discovery period.  A true copy of NCS' response thereto is attached to this Declaration as Exhibit C.  As a result of this discovery, we were able to avoid taking the depositions of Equifax, Trans Union, Experian and eOscar, thereby saving significant time and expense.

30.     Furthermore, these requests for admission served as the basis for many of the stipulations that were read to the jury at the beginning of plaintiff's case.  The stipulations allowed the parties to forgo presenting testimony from Equifax, Trans Union, Experian, eOscar and the Office of Bar Admissions, thereby significantly shortening the time for trial.  Indeed, I believe that Ms. Bumpus used

only 2.5 hours of the 5 hours she was allotted to present her case, which is largely attributable to the stipulations.

Depositions taken in the case

31.    In this case, the parties took five depositions: Ms. Bumpus, a 30(b)(6) deposition of NCS, a 30(b)(6) deposition of JAI Property Management, Ms. Katie March and Ms. Candice Teal.

a.    Ms. Bumpus is, of course, the plaintiff in this case.  As such, she was required to give a deposition, and her counsel was required to attend.

b.    On September 23, 2016, Ms. Bumpus took the 30(b)(6) deposition of JAI Property Management ("JAI").  Mr. D. J. Mathew served as JAI's representative.  Mr. Mathew testified at trial.

c.    On October 14, 2016, Ms. Bumpus took the 30(b)(6) deposition of NCS.  Mr. Ron Sapp served as NCS' representative.  Mr. Sapp testified at trial.

d.    Ms. March's deposition was taken by Ms. Bumpus on October 14, 2016.  In response to Ms. Bumpus' interrogatories, NCS had identified Ms. March as an NCS employee who reinvestigated Ms. Bumpus' disputes.  That information proved to be false, as the reinvestigations at issue were conducted by NCS' Indian subcontractor, Blaise Information Systems.

e.    Ms. Teal's deposition was taken by Ms. Bumpus on October 14, 2016.  In response to Ms. Bumpus' interrogatories, NCS identified Ms. Teal as an

NCS employee who had reinvestigated Ms. Bumpus' disputes. That information proved to be false, as the reinvestigations at issue were conducted by NCS' Indian subcontractor, Blaise Information Systems.

Extensions of discovery sought by NCS

32.     In this case, discovery was originally scheduled to close on October 14, 2016. However, at NCS' request, this deadline was extended three times: once with Ms. Bumpus' agreement, once without objection from Ms. Bumpus and once over Ms. Bumpus' objection. Docket #25, #27, #28, #33, #34 and oral order noted on the Docket on 1/4/17.

Settlement efforts and NCS' Offer of Judgment

33.     In this case, Ms. Bumpus made repeated efforts to negotiate a settlement. All her efforts were rebuffed.

34.     On May 13, 2016, and before NCS had filed its answer, Ms. Bumpus offered to settle her claims in return for (i) NCS removing the derogatory information it had placed on her credit reports and (ii) a payment of $10,500. This offer was communicated by me to NCS' counsel, Ms. Charity Olson via email, a true copy of which is attached hereto as Exhibit D. That offer was rejected.

35.     On June 9, 2016, the parties held the 26(f) conference in this case. I represented Ms. Bumpus. NCS was represented by Ms. Olson. On behalf of Ms. Bumpus, I solicited a counteroffer to Ms. Bumpus' May 13 offer. None was made.

Ms. Olson stated that NCS intended to pursue further settlement negotiations after the close of discovery, which was confirmed in Paragraph 13(b) of the Joint Preliminary Report [Docket #8, p. 9].

36.     On July 19, 2016 and after some written discovery had been conducted, NCS made an Offer of Judgment pursuant to Fed. R. Civ. P. 68 in the amount of $1,001.00, plus attorneys fees and costs in an amount to be agreed upon by the parties and/or determined by the Court upon motion. A true copy of NCS' Offer of Judgment is attached hereto as Exhibit E. Ms. Bumpus did not accept NCS' Offer of Judgment, and it expired by the terms of Rule 68.

37.     On September 18, 2016 and prior to the taking of any depositions, Ms. Bumpus offered to settle her claims for $35,000. This offer was communicated by me to Ms. Olson via email, a true copy of which is attached hereto as Exhibit F. That offer expired by its terms.

38.     On February 27, 2018, counsel for the parties held an in person meeting to discuss preparation of the consolidated pretrial order. Mr. Cole and I represented Ms. Bumpus. NCS was represented by Mr. Kyle Kotake.

39.     At the February 27 meeting, Mr. Kotake acknowledged that "the ball was in NCS' court" to make a settlement offer, but stated that he had no authority to make an offer. Mr. Kotake then suggested that the parties mediate the case. In response, I told Mr. Kotake that Ms. Bumpus was not opposed to mediation, but

had no reason to believe that a mediation would be successful in light of NCS' refusal to make any offer of settlement whatsoever to that point in the case. After further discussion, the parties agreed to submit a Joint Motion asking the Court to refer the case to mediation before one of the magistrate judges in the Northern District of Georgia. Mr. Kotake agreed to prepare the Joint Motion, but he never did so.

40.     No further settlement discussions were held.

41.     The results achieved at trial were far in excess of any settlement demand made by Ms. Bumpus and far in excess of the Offer of Judgment made by NCS.

Under penalty of perjury, I declare the foregoing is true and correct.

This 26th day of April, 2018.

/s Craig E. Bertschi
Craig E. Bertschi

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KAYLA BUMPUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:16-cv-01209 |
| NATIONAL CREDIT SYSTEMS, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document in the captioned case using the Court's Electronic Filing System, which will generate a Notice of Electronic Filing and which constitutes sufficient service under Local Rule 5.1A(3).

This 26th day of April, 2018.

/s Craig E. Bertschi
Craig E. Bertschi

# EXHIBIT A

Craig E. Bertschi
Partner, McRae Bertschi LLC
Professional Biography
Current as of 2018-01-25



Mr. Bertschi began his legal career in 1990 as an associate with the law firm of Kilpatrick & Cody in Atlanta.  He was elected to the Partnership in January of 1998 and remained with that firm, which is now known as Kilpatrick, Townsend & Stockton, LLP until March of 2015.

For the last 27 years, Mr. Bertschi focused his practice on litigating complex business disputes and defending consumer class action lawsuits under the Fair Credit Reporting Act and other consumer protection statutes. Mr. Bertschi has represented Fortune 500 companies in the telecommunications, financial services and aerospace industries and has served as lead counsel in lawsuits nationwide, including cases in the Second, Fourth, Fifth, Ninth and Eleventh Circuits.  He also has extensive experience litigating in the state courts of Georgia, before the American Arbitration Association and in private arbitrations.

Mr. Bertschi has nearly 15 years of experience handling class action and single plaintiff cases under the Fair Credit Reporting Act (the "FCRA"). His FCRA clients have included a large national credit reporting agency, numerous consumer reporting agencies providing pre-employment background screening services and various businesses accused of having violated the FCRA.  In addition, Mr. Bertschi has served on the Education Committee of the National Association of Professional Background Screeners ("NAPBS") and was the primary developer of NAPBS' FCRA Basic and Advanced FCRA Certification Programs.

Mr. Bertschi was recognized by *The Best Lawyers in America*® in 2014, 2015, 2016 and 2017 for Banking & Finance Litigation, and he is AV® rated by Martindale-Hubbell.*

In March 2015, Mr. Bertschi formed a partnership with another Kilpatrick & Cody alum, Mara McRae.  As a founding partner of McRae Bertschi & Cole LLC, Mr. Bertschi continues to provide the highest quality representation to clients in commercial and business disputes.  In addition,

Mr. Bertschi now represents consumers in class action and single plaintiff litigation under the Fair Credit Reporting Act.

Mr. Bertschi is an Atlanta native, having grown up in Gwinnett County.   He was the Georgia State Champion in academic debate in 1983. He attended Emory University as the Alben W. Barkley Merit Scholar and was twice named Emory's Outstanding Debater.   Mr. Bertschi was elected to membership in Phi Beta Kappa in 1986 and graduated from Emory University *magna cum laude* in 1987.  He attended the University of Georgia School of Law as a Robert W. Woodruff Scholar and served on the Editorial Board of the *Georgia Law Review*.  Mr. Bertschi graduated from the University of Georgia School of Law *magna cum laude* in 1990 and is a member of the Order of the Coif.

Mr. Bertschi is a frequent author and lecturer on the topics of commercial litigation and the Fair Credit Reporting Act.   His recent publications and presentations include the following:

- "Class Actions Under the Fair Credit Reporting Act," *The Safe Hiring Manual*, Rev. 3d ed. (2017).

- The Supreme Court and Spokeo: Much Ado About Nothing, May 12, 2015.

- "The *Spokeo* case: Will it open the floodgates to more FCRA litigation?" *NAPBS JOURNAL*, January 2015.

- Quoted in "Search and Verify: Why Criminal Background Checks May Not Be As Accurate As You Think," *HR Magazine*, December 2012.

- "The NAPBS FCRA Advanced Certification Program: Building on Success" *NAPBS JOURNAL*, January-February 2012.

- "California Opens the Floodgates, Supreme Court Decision Applies Retroactively," *Executive Counsel*, August/September 2011, vol. 8, no. 4.

- "EEOC v. PeopleMark:  A Tale Of Regulatory Overreach," *NAPBS JOURNAL*, April-May 2011.  (April 29, 2011).

- "FCRA Class Action Lawsuits: The Sharks Are Circling," *NAPBS JOURNAL*, January-February 2011. (February 21, 2011).

- "TCPA regulates text marketing campaigns," *Atlanta Business Chronicle*, February 16, 2011.

- "Beware EFTA Notice Requirements," *Law 360*, September 30, 2010.

- "Background Checks Could Lead To Litigation," *Fulton County Daily Report*, February 23, 2010.

- "Metadata: What you don't know can hurt you," *Fulton County Daily Report*, March 17, 2008.

- "Merchants: Beware five-digit trap.  Thanks to FACTA, credit card receipts could lead to a wave of class actions," *Fulton County Daily Report*, May 6, 2008.

- "Metadata: Taking on added urgency for attorneys," *Atlanta Business Chronicle*, June 18, 2007.

*CV, BV, and AV are registered certification marks of Reed Elsevier Properties Inc., used in accordance with the Martindale-Hubbell certification procedure's standards and policies.

# EXHIBIT B

**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



**Bumpus, Kayla**

# Invoice 20570

| | |
|---|---|
| **Date** | Apr 23, 2018 |
| **Terms** | |
| **Service Thru** | Apr 12, 2018 |

**In Reference To: National Credit Systems (Service)**

| Date | By | Services | Hours | Rates | Amount |
|---|---|---|---|---|---|
| 03/29/2016 | CEB | Review documents related to Ms. Bumpus' claim; prepare for call with Ms. Bumpus re her claims; | 0.80 | $ 450.00/hr | $ 360.00 |
| 04/11/2016 | CEB | Draft complaint; brief review of relevant provisions of the FCRA; review client documents; | 2.40 | $ 450.00/hr | $ 1,080.00 |
| 04/12/2016 | KWB | Review and revise Complaint. | 0.20 | $ 150.00/hr | $ 30.00 |
| 04/12/2016 | CEB | Edits to Bumpus complaint; | 0.40 | $ 450.00/hr | $ 180.00 |
| 04/13/2016 | CEB | Further edits to Ms. Bumpus' complaint; consider additional facts needed; email to Ms. Bumpus re additional information needed; | 0.40 | $ 450.00/hr | $ 180.00 |
| 04/14/2016 | CEB | Finalize complaint for filing; prepare civil cover sheet, summons and related documents required for filing; review email from Ms. Bumpus approving the filing of complaint; file complaint; | 1.50 | $ 450.00/hr | $ 675.00 |
| 04/14/2016 | KWB | Review and revise Complaint. | 0.20 | $ 150.00/hr | $ 30.00 |
| 04/15/2016 | CEB | Review and respond to email from Ms. Bumpus re potential FDCPA claim and ability to amend suit to assert additional claims against NCS; review FRCP 15 re amendment as of right; | 0.30 | $ 450.00/hr | $ 135.00 |
| 04/16/2016 | CEB | Prepare certificate of interested persons and file same; | 0.20 | $ 450.00/hr | $ 90.00 |
| 04/20/2016 | CEB | Review and file proof of service; | 0.20 | $ 450.00/hr | $ 90.00 |
| 05/10/2016 | CEB | Email exchange with Ms. Bumpus re deadline for NCS to respond to the complaint; | 0.10 | $ 450.00/hr | $ 45.00 |
| 05/11/2016 | CEB | Telephone conference with Ms. Bumpus re settlement strategy; email to opposing counsel; | 0.40 | $ 450.00/hr | $ 180.00 |



**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



**Bumpus, Kayla**

# Invoice 20570

| Date | Apr 23, 2018 |
|---|---|
| Terms | |
| Service Thru | Apr 12, 2018 |

| | | | | | |
|---|---|---|---|---|---|
| 05/13/2016 | CEB | Email to Ms. Bumpus re status and default by NCS; telephone conference with opposing counsel; | 0.50 | $ 450.00/hr | $ 225.00 |
| 05/17/2016 | CEB | Review NCS' Answer and Certificate of Interested Persons; email to Ms. Bumpus re same; preliminary drafting of document requests to NCS; draft letter to opposing counsel re 26(f) conference; | 1.10 | $ 450.00/hr | $ 495.00 |
| 05/18/2016 | CEB | Telephone conference with Ms. Bumpus re next steps in the litigation process and strategy going forward; finalize letter to opposing counsel re 26(f) conference; review Judge King's standing order on Discovery and Motions Practice; calendar deadlines; | 0.80 | $ 450.00/hr | $ 360.00 |
| 05/24/2016 | CEB | Drafting Plaintiff's inserts for the 26(f) report; preliminary work on Plaintiff's Initial Disclosures | 1.20 | $ 450.00/hr | $ 540.00 |
| 05/25/2016 | CEB | Review and respond to email from Ms. Bumpus re information needed to include in Initial Disclosures; edits to draft Joint Preliminary Report; draft letter to opposing counsel; | 0.60 | $ 450.00/hr | $ 270.00 |
| 06/09/2016 | CEB | 26(f) conference with opposing counsel; telephone conference with Ms. Bumpus re her communications with NCS and possible audio recordings reflecting her calls with NCS; | 0.80 | $ 450.00/hr | $ 360.00 |
| 06/13/2016 | CEB | Edits to first document requests and first interrogatories to NCS; further work re initial disclosures; email to Ms. Bumpus re same; | 2.10 | $ 450.00/hr | $ 945.00 |
| 06/16/2016 | CEB | Review and revise inserts for the 26(f) report; | 0.50 | $ 450.00/hr | $ 225.00 |
| 06/17/2016 | CEB | Finalize First Interrogatories and First Document Requests to NCS; email to Ms. Bumpus re same; | 0.90 | $ 450.00/hr | $ 405.00 |



**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



**Bumpus, Kayla**

# Invoice 20570

| Date | Apr 23, 2018 |
|---|---|
| **Terms** | |
| **Service Thru** | Apr 12, 2018 |

| | | | | | |
|---|---|---|---|---|---|
| 06/21/2016 | CEB | Finalize Initial Disclosures; email exchanges with Ms. Bumpus regarding witness list and descriptions of witnesses' knowledge; review client documents for additional witnesses; brief research to update case law included in Initial Disclosures; file same; develop plans re documents to subpoena to JAI Management; | 3.40 | $ 450.00/hr | $ 1,530.00 |
| 06/22/2016 | CEB | Review scheduling order and calendar deadlines; email to Ms. Bumpus re same; prepare list of documents to subpoena to JAI; prepare Rule 45(a)(4) notice and file same; | 2.20 | $ 450.00/hr | $ 990.00 |
| 06/26/2016 | CEB | Review NCS' Initial Disclosures; email to Ms. Bumpus re NCS' Initial Disclosures and information to follow up on; edits to 30(b)(6) notice to NCS; finalize letter to Charity Olson re same; | 0.60 | $ 450.00/hr | $ 270.00 |
| 07/05/2016 | CEB | Arrange for service of subpoena on JAI; inventory client documents and prepare email to Ms. Bumpus re additional documents to obtain; finalize subpoena to JAI; review additional client documents; | 1.30 | $ 450.00/hr | $ 585.00 |
| 07/07/2016 | CEB | Prepare subpoena to Equifax; prepare Rule 45 notice and file same; | 0.60 | $ 450.00/hr | $ 270.00 |
| 07/13/2016 | CEB | Letter to opposing counsel re JAI document production; calendar same; | 0.30 | $ 450.00/hr | $ 135.00 |
| 07/14/2016 | CEB | Attempts to reach JAI Property Management re subpoena compliance; telephone conference with DJ Mathew; review documents produced by JAI; analyze same; telephone conference with Ms. Bumpus; memo to file and email to K Bumpus re JAI ledger and payments; review and respond to emails from opposing counsel; | 2.90 | $ 450.00/hr | $ 1,305.00 |
| 07/15/2016 | CEB | Consider whether JAI forfeited its right to the security deposit under Georgia law and brief research re same; email to opposing counsel; email to JAI's counsel; | 1.20 | $ 450.00/hr | $ 540.00 |

③

**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



**Bumpus, Kayla**

# Invoice 20570

| Date | Apr 23, 2018 |
|---|---|
| Terms | |
| Service Thru | Apr 12, 2018 |

| | | | | | |
|---|---|---|---|---|---|
| 07/16/2016 | CEB | Letter to opposing counsel re JAI production; consider whether JAI's production was complete in light of information from client and NCS; | 0.30 | $ 450.00/hr | $ 135.00 |
| 07/18/2016 | CEB | Letter to JAI's counsel re JAI 30(b)(6) deposition; | 0.30 | $ 450.00/hr | $ 135.00 |
| 07/19/2016 | CEB | Arrangements for service of subpoena on Equifax; revise Exhibit to subpoena to Equifax; conference with process server; review offer of judgment; review Rule 68 and recent 11th Cir. cases on same; email to Ms. Bumpus re NCS' offer of judgment and response to same; | 0.90 | $ 450.00/hr | $ 405.00 |
| 07/20/2016 | CEB | Review Ms. Bumpus' response to NCS' offer of judgment; respond to same; | 0.10 | $ 450.00/hr | $ 45.00 |
| 07/25/2016 | CEB | Letter to counsel re scheduling JAI depositions; | 0.20 | $ 450.00/hr | $ 90.00 |
| 07/27/2016 | CEB | Review file re deadline for NCS' discovery responses; letter to opposing counsel re NCS' failure to respond to discovery on a timely basis; | 0.40 | $ 450.00/hr | $ 180.00 |
| 08/01/2016 | CEB | Review affidavit of service on Equifax; prepare deposition subpoena to JAI and list of topics for testimony; | 0.70 | $ 450.00/hr | $ 315.00 |
| 08/02/2016 | CEB | Arrangements for service of deposition subpoena on JAI; | 0.10 | $ 450.00/hr | $ 45.00 |
| 08/09/2016 | CEB | Review and respond to email from JAI's counsel re JAI deposition; review NCS' responses to Ms. Bumpus' interrogatories; email to Ms. Bumpus re key takeaways from NCS' interrogatory responses; | 0.50 | $ 450.00/hr | $ 225.00 |
| 08/13/2016 | CEB | Thorough review of defendant's discovery responses; letter to opposing counsel re NCS' failure to provide a verification for its interrogatory responses; drafting first requests for admission to NCS; drafting good faith discovery letter to defendant's counsel; listen to audio files of Ms. Bumpus' calls with NCS; | 2.10 | $ 450.00/hr | $ 945.00 |

④

**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



**Bumpus, Kayla**

# Invoice 20570

| Date | Apr 23, 2018 |
|---|---|
| **Terms** | |
| **Service Thru** | Apr 12, 2018 |

| | | | | | |
|---|---|---|---|---|---|
| 08/15/2016 | CEB | Draft Plaintiff's First Requests for Admission to Defendant and review client documents as basis for same; email to Ms. Bumpus re same; further work on letter to opposing counsel re outstanding discovery issues and need for good faith conference; | 3.10 | $ 450.00/hr | $ 1,395.00 |
| 08/16/2016 | CEB | Prepare updated subpoena to JAI; email exchange with process server re service of registered agent for JAI, Maurice Kadosh; email exchanges with JAI's counsel; develop plans re admissibility of letter from the State Bar; telephone conference with State Bar Office of Admissions; draft letter to Ms. Leigh Burgess with the State Bar; | 1.60 | $ 450.00/hr | $ 720.00 |
| 08/17/2016 | CEB | Review of documents received from Equifax in response to subpoena; | 0.40 | $ 450.00/hr | $ 180.00 |
| 08/22/2016 | CEB | Email to JAI's counsel re deposition dates; | 0.10 | $ 450.00/hr | $ 45.00 |
| 08/23/2016 | CEB | Review and respond to email from JAI's counsel re scheduling JAI depositon; review NCS' verification; | 0.30 | $ 450.00/hr | $ 135.00 |
| 08/24/2016 | CEB | Call with Ms. Bumpus re status and JAI deposition; | 0.30 | $ 450.00/hr | $ 135.00 |
| 09/01/2016 | CEB | Letter to opposing counsel re need to schedule depositions and Motion to Compel; prepare Notice of NCS deposition; | 0.50 | $ 450.00/hr | $ 225.00 |
| 09/02/2016 | CEB | Arrangements for deposition of JAI in Chattanooga, including calls with process server and court reporter; letter to court reporter; prepare subpoena and attachment for JAI deposition; | 1.50 | $ 450.00/hr | $ 675.00 |
| 09/07/2016 | CEB | Email exchanges with opposing counsel re all outstanding discovery issues; | 0.50 | $ 450.00/hr | $ 225.00 |
| 09/15/2016 | CEB | Prepare for and have good faith conference with opposing counsel re all outstanding discovery issues; telephone conference with Ms. Bumpus re status of discovery issues/disputes; | 1.20 | $ 450.00/hr | $ 540.00 |



**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



**Bumpus, Kayla**

# Invoice 20570

| Date | Apr 23, 2018 |
|---|---|
| Terms | |
| Service Thru | Apr 12, 2018 |

| | | | | | |
|---|---|---|---|---|---|
| 09/18/2016 | CEB | Letter to JAI's counsel; finalize subpoena and notice of deposition for the JAI deposition; prepare acknowledgement of service; review and respond to email from NCS' counsel re outstanding discovery issues and settlement demand; prepare and file certificate of service for JAI deposition notice; | 1.80 | $ 450.00/hr | $ 810.00 |
| 09/19/2016 | CEB | Letter to JAI's counsel confirming date, time and location for the JAI deposition; | 0.20 | $ 450.00/hr | $ 90.00 |
| 09/21/2016 | CEB | Review email from JAI's counsel; file acknowledgement of service; preparation for JAI deposition; | 0.30 | $ 450.00/hr | $ 135.00 |
| 09/22/2016 | CEB | Preparation for JAI deposition; review potential exhibits; | 3.50 | $ 450.00/hr | $ 1,575.00 |
| 09/23/2016 | CEB | Prepare for and depose JAI; telephone conference with Ms. Bumpus re results of the deposition; | 6.20 | $ 450.00/hr | $ 2,790.00 |
| 09/27/2016 | CEB | Telephone conference with JAI's counsel re cancellation of deposition in Tennessee; email to JAI's counsel confirming same; telephone conference with court reporter in Tennessee canceling deposition; | 0.60 | $ 450.00/hr | $ 270.00 |
| 10/03/2016 | CEB | Prepare deposition notices for NCS witnesses Katie March and Candice Teal; | 0.40 | $ 450.00/hr | $ 180.00 |
| 10/04/2016 | CEB | Finalize deposition notices for Teal, March and NCS depositions; review NCS documents and consider exhibits to use in the depositions; develop plan for completing discovery; | 1.50 | $ 450.00/hr | $ 675.00 |
| 10/12/2016 | CEB | Letter to opposing counsel re depositions; arrange for depositions; consider whether deposition of the Office of Bar Admissions is necessary; | 0.30 | $ 450.00/hr | $ 135.00 |
| 10/13/2016 | CEB | Prepare for NCS, March and Teal depositions; review NCS' response to written discovery; draft examination outlines; interenet research re NCS; | 2.50 | $ 450.00/hr | $ 1,125.00 |



**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



**Bumpus, Kayla**

# Invoice 20570

| Date | Apr 23, 2018 |
| --- | --- |
| **Terms** | |
| **Service Thru** | Apr 12, 2018 |

| 10/14/2016 | CEB | Take depositions of NCS, Katie March and Candice Teal; report to Ms. Bumpus re same; consider whether deposition of Blaise Information Systems is necessary; research re Blaise; | 6.00 | $ 450.00/hr | $ 2,700.00 |
| --- | --- | --- | --- | --- | --- |
| 11/11/2016 | CEB | Prepare supplemental initial disclosures; email to K Bumpus re deposition preparation; | 1.50 | $ 450.00/hr | $ 675.00 |
| 11/14/2016 | CEB | Review Sapp deposition; prepare for Ms. Bumpus' deposition; work on Supplemental Initial Disclosures; | 2.50 | $ 450.00/hr | $ 1,125.00 |
| 11/15/2016 | CEB | Finalize Supplemental Initial Disclosures; | 0.50 | $ 450.00/hr | $ 225.00 |
| 11/16/2016 | CEB | Preparation for meeting with Kayla Bumpus to prepare her for her deposition, assemble potential exhibits, review pleadings; | 2.10 | $ 450.00/hr | $ 945.00 |
| 11/17/2016 | CC | Conference with C. Bertschi re: approach to discovery of reinvestigation; research re: whether Rule 26 report is required from treating physician who saw Ms. Bumpus in 1Q16 and prescribed medication for her; | 0.50 | $ 400.00/hr | $ 200.00 |
| 11/17/2016 | CEB | Deposition prep session with Ms. Bumpus; | 1.20 | $ 450.00/hr | $ 540.00 |
| 11/18/2016 | CEB | Prepare for and defend Ms. Bumpus' deposition; debriefing with Ms. Bumpus; discuss case strategy; | 5.00 | $ 450.00/hr | $ 2,250.00 |
| 11/22/2016 | CEB | Review email from opposing counsel re extension of discovery; consider response; email to client re same; | 0.30 | $ 450.00/hr | $ 135.00 |
| 11/29/2016 | CEB | Review NCS' subpoenas to third parties; review order extending discovery; email to K. Bumpus re same; | 0.50 | $ 450.00/hr | $ 225.00 |
| 12/13/2016 | CEB | Letter to opposing counsel re third party subpoenas and document productions; | 0.20 | $ 450.00/hr | $ 90.00 |
| 12/16/2016 | CEB | Download K Bumpus deposition transcript; email to K. Bumpus re same and errata; | 0.40 | $ 450.00/hr | $ 180.00 |



**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



**Bumpus, Kayla**

# Invoice 20570

| Date | Apr 23, 2018 |
|---|---|
| **Terms** | |
| **Service Thru** | Apr 12, 2018 |

| | | | | | |
|---|---|---|---|---|---|
| 12/28/2016 | CEB | Review motions to compel and motion for extension of time filed by NCS; consider responses; brief research re technical requirements for subpoena service in the ND Ga. and whether service by certified mail is allowed; | 1.00 | $ 450.00/hr | $ 450.00 |
| 01/03/2017 | CEB | Finalize brief in opposition to motion for extension of time; email to clerk; | 1.40 | $ 450.00/hr | $ 630.00 |
| 01/04/2017 | CEB | Review order on motion for extension of time and discovery; letter to opposing counsel re Camden Vantage and Village at Baymeadows production; email to Ms. Bumpus re status; | 0.70 | $ 450.00/hr | $ 315.00 |
| 01/24/2017 | CEB | Review document productions from apartment complexes obtained by NCS via subpoenas; email to Ms. Bumpus re same; | 0.50 | $ 450.00/hr | $ 225.00 |
| 02/03/2017 | CEB | Review orders on Motions to Compel filed by NCS; | 0.20 | $ 450.00/hr | $ 90.00 |
| 03/08/2017 | CC | Exchanged e-mails with opposing counsel re: pro hac vice motion; reviewed Plaintiff's brief in opposition; conference with C. Bertschi re: same | 0.80 | $ 400.00/hr | $ 320.00 |
| 03/08/2017 | CEB | Review Ms. Olson's application for admission PHV; review dockets of other cases in which Ms. Olson participated; research re violations of Rule 83.1; begin drafting brief in response Ms. Olson's motion for admission PHV; | 6.30 | $ 450.00/hr | $ 2,835.00 |
| 03/09/2017 | CEB | Further work on response to Ms. Olson's motion for admission pro hac vice; email to opposing counsel; conferences with co counsel re same; | 3.50 | $ 450.00/hr | $ 1,575.00 |
| 03/09/2017 | CC | Worked on response to PHV application; conference with C. Bertschi re: same | 1.10 | $ 400.00/hr | $ 440.00 |
| 03/10/2017 | CC | T/c with C. Olsen and C. Bertschi re: pro hac vice issue | 0.20 | $ 400.00/hr | $ 80.00 |



**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



**Bumpus, Kayla**

# Invoice 20570

| | |
|---|---|
| **Date** | Apr 23, 2018 |
| **Terms** | |
| **Service Thru** | Apr 12, 2018 |

| | | | | | |
|---|---|---|---|---|---|
| 03/10/2017 | CEB | Finalize response to Olson pro hac vice motion; telephone conference with Kyle Kotake; telephone conference with Charity Olson; conference with co counsel; | 1.50 | $ 450.00/hr | $ 675.00 |
| 03/17/2017 | CEB | Review NCS' motion for summary judgment; consider response; preliminary drafting of outline for response to NCS' motion for summary judgment; review Sapp deposition; | 3.50 | $ 450.00/hr | $ 1,575.00 |
| 04/06/2017 | CEB | Drafting brief in opposition to plaintiff's motion for summary judgment; | 6.20 | $ 450.00/hr | $ 2,790.00 |
| 04/07/2017 | CEB | Further work drafting brief in opposition to Defendant's Motion for Summary Judgment; review NCS' exhibits; consider exhibits to use in opposition; review Sapp deposition; | 8.00 | $ 450.00/hr | $ 3,600.00 |
| 04/08/2017 | CEB | Further work drafting brief in opposition to defendant's MSJ; review orders re compliance with local rule 56.1; research re issues related to summary judgment arguments, including the Hinkle case and update research on willfulness issue and recovery of damages for emotional distress under the FCRA; | 6.50 | $ 450.00/hr | $ 2,925.00 |
| 04/09/2017 | CEB | Further drafting of response to NCS' motion for summary judgment; review Teal and March deposition transcripts; review DJ Mathew deposition transcript; review Ms. Bumpus' transcript; | 6.30 | $ 450.00/hr | $ 2,835.00 |
| 04/10/2017 | CEB | Review cases cited by Defendant on reinvestigation and willfulness issue; further review testimony from JAI 30b6 rep.; further drafting of response to defendant's MSJ; conference with CJC re possible meeting with opposing counsel; review ECF notice; | 6.70 | $ 450.00/hr | $ 3,015.00 |



**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



**Bumpus, Kayla**

# Invoice 20570

| Date | Apr 23, 2018 |
|---|---|
| Terms | |
| Service Thru | Apr 12, 2018 |

| | | | | | |
|---|---|---|---|---|---|
| 04/11/2017 | CEB | Review local orders and order re responses to summary judgment motions; review and consider responses to defendant's statement of undisputed facts; drafting affidavit for Ms. Bumpus; consider affidavit for Joshua Vance; consider additional exhibits to opposition materials; | 5.90 | $ 450.00/hr | $ 2,655.00 |
| 04/13/2017 | CEB | Research and insert record cites on summary judgment brief; confernece with KWB re her comments to the brief; edits to Bumpus affidavit; further work on brief; telephone conference with courtroom deputy re record citations and filing original transcripts; identify exhibits and prepare same for filing; | 5.50 | $ 450.00/hr | $ 2,475.00 |
| 04/13/2017 | CEB | Telephone conference with Ms. Bumpus; draft affidavit for Joshua Vance; email to Ms. Bumpus re Vance affidavit; drafting responses to Defendant's statement of material facts; | 1.30 | $ 450.00/hr | $ 585.00 |
| 04/14/2017 | CEB | Edits and revisions to brief in opposition to Defendant's MSJ; | 1.50 | $ 450.00/hr | $ 675.00 |
| 04/15/2017 | CEB | Edits and revisions to response to Defendant's Statement of Undisputed Fact; review all record citations and update/correct same; confirm record cites for Statement of Disputed Facts; edits to Bumpus and Vance Affidavits; | 2.40 | $ 450.00/hr | $ 1,080.00 |
| 04/17/2017 | CEB | Telephone conference with Ms. Bumpus re her affidavit and interview of Mr. Vance; edits to Ms. Bumpus' affidavit; attempts to contact Mr. Vance; edits to Response to Defendant's Statement of Undisputed Facts; work on verifiying record cites on Statement of Disputed Facts; edits to summary judgment brief; | 7.30 | $ 450.00/hr | $ 3,285.00 |

10

**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



**Bumpus, Kayla**

# Invoice 20570

| Date | Apr 23, 2018 |
|---|---|
| Terms | |
| Service Thru | Apr 12, 2018 |

| | | | | | |
|---|---|---|---|---|---|
| 04/18/2017 | CEB | Telephone conference with Joshua Vance; edits to Vance affidavit; email to Joshua Vance; review transcript of Bumpus deposition; finalize brief; | 7.30 | $ 450.00/hr | $ 3,285.00 |
| 04/19/2017 | CEB | Fianlize all pleadings and evidentiary materials in opposition to NCS' motion for summary judgment and file same; | 4.20 | $ 450.00/hr | $ 1,890.00 |
| 04/19/2017 | CC | Reviewed and commented on brief in response to NCS' MSJ; | 0.50 | $ 400.00/hr | $ 200.00 |
| 05/04/2017 | CEB | Review reply brief filed by NCS in support of its motion for summary judgment; email to Ms. Bumpus re same; review cases cited by NCS in its reply brief and record cites; | 0.80 | $ 450.00/hr | $ 360.00 |
| 08/25/2017 | CEB | Telephone conference with Ms. Bumpus re status; | 0.10 | $ 450.00/hr | $ 45.00 |
| 11/27/2017 | CEB | Review Magistrate's report and recommendation denying NCS' motion for summary judgment; conference with co counsel re same; email to Kayla Bumpus re same; | 0.70 | $ 450.00/hr | $ 315.00 |
| 11/27/2017 | CC | Conf. with C. Bertschi re: order on summary judgment motion and next steps | 0.40 | $ 400.00/hr | $ 160.00 |
| 01/15/2018 | CC | Drafted and filed Notice of Appearance | 0.20 | $ 400.00/hr | $ 80.00 |
| 02/01/2018 | CC | Reviewed Order adopting Report and Recommendation of Magistrate on Defendant's MSJ | 0.20 | $ 400.00/hr | $ 80.00 |
| 02/02/2018 | CC | Conf. with C. Bertschi re: pre-trial order and trial strategy | 0.30 | $ 400.00/hr | $ 120.00 |
| 02/11/2018 | CEB | Preliminary drafting of Plaintiff's inserted to the pretrial order including witness and exhibit lists, voir dire questions and outline of the case; | 1.90 | $ 450.00/hr | $ 855.00 |



**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



**Bumpus, Kayla**

# Invoice 20570

| | |
|---|---|
| **Date** | Apr 23, 2018 |
| **Terms** | |
| **Service Thru** | Apr 12, 2018 |

| | | | | | |
|---|---|---|---|---|---|
| 02/12/2018 | CEB | Further work re pretrial order including review of standing orders and search for information re Judge Thrash's procedures for voir dire; email to co counsel re voir dire questions and draft of the PTO; drafting factual outline for PTO; conference with CJC re voir dire and bifurcation of punitive damages; | 1.60 | $ 450.00/hr | $ 720.00 |
| 02/12/2018 | CC | Worked on voir dire questions in connection with Pre-Trial Order | 1.90 | $ 400.00/hr | $ 760.00 |
| 02/13/2018 | CEB | Further work on plaintiff's inserts for the pretrial order; conference with co counsel re verdit form; drafting verdict form; work on statement of case and research law for support; work on stipulations; consider deposition of Danisha West for preservation of testimony; | 2.30 | $ 450.00/hr | $ 1,035.00 |
| 02/14/2018 | CEB | Further work on pretrial order, including exhibit and witness lists; | 1.60 | $ 450.00/hr | $ 720.00 |
| 02/15/2018 | CEB | Further work on exhibit list and consider deposition designations; prepare designations for the deposition of DJ Mathew; | 3.20 | $ 450.00/hr | $ 1,440.00 |
| 02/16/2018 | CEB | Consider trial strategy re damages; conference with co counsel re voir dire questions and verdict form; edits to voir dire questions; further work on verdict form; consider juror qualification issues and brief research re same; consider admissibility of Office of Bar Admissions documents in the event NCS will not stipulate; | 1.60 | $ 450.00/hr | $ 720.00 |
| 02/16/2018 | CC | Worked on voir dire questions and verdict form in connection with preparation of pre-trial order | 2.20 | $ 400.00/hr | $ 880.00 |



**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



**Bumpus, Kayla**

# Invoice 20570

| Date | Apr 23, 2018 |
|---|---|
| Terms | |
| Service Thru | Apr 12, 2018 |

| | | | | | |
|---|---|---|---|---|---|
| 02/17/2018 | CEB | Email to opposong counsel re pretrial order; email to Ms. Bumpus re settlement strategy and court ordered meeting of lead counsel and parties with settlement authority; further edits to PTO; preliminary drafting of trial brief; | 0.90 | $ 450.00/hr | $ 405.00 |
| 02/18/2018 | CC | Reviewed draft of pre-trial order and comment on same; | 0.40 | $ 400.00/hr | $ 160.00 |
| 02/19/2018 | CEB | Review and respond to email from opposing counsel re meeting to discuss various issues related to the PTO; | 0.10 | $ 450.00/hr | $ 45.00 |
| 02/23/2018 | CEB | Telephone conference with Ms. Bumpus regarding settlement strategy, the pretrial order and case status; | 0.30 | $ 450.00/hr | $ 135.00 |
| 02/23/2018 | CC | Conf. with C. Bertschi re: approach to meeting with K. Kotake and strategy | 0.20 | $ 400.00/hr | $ 80.00 |
| 02/26/2018 | CEB | Further work on consolidated pretrial order; further drafting of trial brief; prepare deposition excerpts for DJ Mathew depo.; email to opposing counsel; review instructions for marking exhibits for trial; review rules to see what limits, if any, are imposed on demostrative exhibits; | 3.40 | $ 450.00/hr | $ 1,530.00 |
| 02/26/2018 | CC | Conf. with C. Bertschi re: meeting with K. Kotake, pre -trial order, and case strategy | 0.30 | $ 400.00/hr | $ 120.00 |
| 02/27/2018 | CEB | Prepare for and meet with opposing counsel to discuss settlement and issues related to consolidation of the PTO; | 1.00 | $ 450.00/hr | $ 450.00 |
| 02/27/2018 | CC | Attended meeting with K. Kotake and C. Bertschi for purpose of discussing settlement, n connection with preparation of pre-trial order | 1.30 | $ 400.00/hr | $ 520.00 |
| 03/01/2018 | CEB | Telephone conference with Ms. Bumpus re status and witness addresses; | 0.10 | $ 450.00/hr | $ 45.00 |



**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



Bumpus, Kayla

# Invoice 20570

| Date | Apr 23, 2018 |
|---|---|
| Terms | |
| Service Thru | Apr 12, 2018 |

| | | | | | |
|---|---|---|---|---|---|
| 03/05/2018 | CEB | Further edits to and finalize Plaintiff's inserts to the PTO; telephone conference with opposing counsel; draft motion for sanctions in light of NCS' failure to provide its inserts to the PTO; | 2.50 | $ 450.00/hr | $ 1,125.00 |
| 03/05/2018 | CC | Reviewed and commented on motion for sanctions; conf. with C. Bertschi re: same | 0.50 | $ 400.00/hr | $ 200.00 |
| 03/06/2018 | CEB | Brief review of Defendant's inserts to the PTO; email to Kyle Kotake re same; status report to Ms. Bumpus; | 0.30 | $ 450.00/hr | $ 135.00 |
| 03/06/2018 | CC | Reviewed defendant's portions of PTO | 0.20 | $ 400.00/hr | $ 80.00 |
| 03/07/2018 | CC | Reviewed order setting case for trial; conf. with C. Bertschi re: trial preparation | 0.30 | $ 400.00/hr | $ 120.00 |
| 03/07/2018 | CEB | Review notice of trial setting; review notice of pretrial conference; conference with cocounsel regarding same; email to Ms. Bumpus regarding status and trial setting; | 0.40 | $ 450.00/hr | $ 180.00 |
| 03/08/2018 | CEB | Review and respond to email from opposing counsel regarding meeting to discuss the consolidated pretrial order and his potential conflict; review uniform Superior Court rules and Northern District of Georgia local rules regarding the conflict issue; prepare for meeting with opposing counsel on the pretrial order; email to cocounsel regarding same; review and respond to email from opposing counsel regarding possible mediation; | 1.90 | $ 450.00/hr | $ 855.00 |
| 03/08/2018 | CC | Reviewed e-mails from K. Kotake re: mediation and pre-trial order | 0.20 | $ 400.00/hr | $ 80.00 |
| 03/09/2018 | CEB | Prepare for and have telephone conference with opposing counsel re the pretrial order and mediation; Email to Ms. Bumpus regarding status, entry of the pretrial order and the need to coordinate with our witnesses. | 1.60 | $ 450.00/hr | $ 720.00 |



**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



**Bumpus, Kayla**

# Invoice 20570

| Date | Apr 23, 2018 |
|---|---|
| **Terms** | |
| **Service Thru** | Apr 12, 2018 |

| | | | | | |
|---|---|---|---|---|---|
| 03/09/2018 | CC | Trial preparation, including call with K. Kotake and C. Bertschi re: pretrial order; sent e-mail to K. Kotake re: D. West deposition and NCS' financial records | 1.80 | $ 400.00/hr | $ 720.00 |
| 03/10/2018 | CEB | Drafting consolidated pretrial order and efforts to integrate comments from 3/9 conference with defendant's counsel; revise stipulations; email to opposing counsel regarding draft consolidated pretrial order and revised stipulations; | 2.60 | $ 450.00/hr | $ 1,170.00 |
| 03/12/2018 | CEB | Review and respond to email from Ms. Bumpus re witness availability; | 0.10 | $ 450.00/hr | $ 45.00 |
| 03/13/2018 | CC | T/c with Danisha West re: her deposition testimony for use at trial; reviewed deposition transcript of R. Sapp; reviewed deposition transcript of K. March, all in preparation for trial | 4.40 | $ 400.00/hr | $ 1,760.00 |
| 03/14/2018 | CEB | Review and respond to email from opposing counsel re finalizing PTO; | 0.10 | $ 450.00/hr | $ 45.00 |
| 03/14/2018 | CC | Reviewed Initial Disclosures and Pre-Trial Order inserts in connection with identification and preparation of damages witnesses at trial | 0.80 | $ 400.00/hr | $ 320.00 |
| 03/15/2018 | CC | Reviewed deposition testimony of K. Bumpus in connection with preparation of damage witnesses; t/c with S. Sheppard re: her observations of impact of failure to reinvestigate on K. Bumpus; sent e-mail to S. Sheppard re: meeting | 2.00 | $ 400.00/hr | $ 800.00 |
| 03/15/2018 | CEB | Prepare for call with opposing counsel; conference with CJC re witness interviews and testimony prep.; | 0.50 | $ 450.00/hr | $ 225.00 |
| 03/16/2018 | CEB | Prepare for and have telephone conference with opposing counsel; | 0.30 | $ 450.00/hr | $ 135.00 |
| 03/16/2018 | CC | Prepared for and participated in conference call with K. Kotake re: finalizing pre-trial order | 0.30 | $ 400.00/hr | $ 120.00 |



**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



**Bumpus, Kayla**

# Invoice 20570

| Date | Apr 23, 2018 |
|---|---|
| Terms | |
| Service Thru | Apr 12, 2018 |

| | | | | | |
|---|---|---|---|---|---|
| 03/19/2018 | CC | Met with S. Sheppard in preparation for her testimony at trial | 0.90 | $ 400.00/hr | $ 360.00 |
| 03/19/2018 | CEB | Review Consolidated PTO re Jury Charges; review 11th Cir Pattern Charges; review index to Devitt & Blackmar; work on custom charges; meeting with witness Stephanie Sheppard; email to Kayla re same; email to opposing counsel re stipulations; | 4.30 | $ 450.00/hr | $ 1,935.00 |
| 03/20/2018 | CEB | Review defendant's response to motion for sanctions; review email from Ms. Bumpus re Stephanie Sheppard prep; Conference with cocounsel regarding reply brief in support of motion for sanctions; draft reply brief in support of motion for sanctions; | 2.60 | $ 450.00/hr | $ 1,170.00 |
| 03/20/2018 | CC | Exchanged e-mails with K. Bumpus re: J. Vance; sent e-mail to J. Vance; reviewed documents produced by NCS in connection with preparation to cross-examine K. March | 3.30 | $ 400.00/hr | $ 1,320.00 |
| 03/21/2018 | CEB | Review notice of submission of motion for sanctions to Judge Thrash; | 0.10 | $ 450.00/hr | $ 45.00 |
| 03/21/2018 | CC | Left voice mail message for J. Vance; exchanged e-mail messages with K. Bumpus re: damages witnesses | 0.20 | $ 400.00/hr | $ 80.00 |
| 03/22/2018 | CC | T/c with Mr. Vance re: his trial testimony; sent e-mail to Mr. Vance re: same; exchanged e-mails with P. Frederick re: subpoena to Office of Bar Admissions; t/c with H. Faenza re: same; sent e-mail to Ms. Sheppard re: trial testimony; meeting with C. Bertschi to review evidence supporting critical elements of proof at trial; | 2.90 | $ 400.00/hr | $ 1,160.00 |
| 03/22/2018 | CEB | Conference with co counsel re trial prep issues, including strategy, witness assignments and laying a proper foundation for all exhibits in the event NCS will not agree to stipulations; | 1.00 | $ 450.00/hr | $ 450.00 |





**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338

**Bumpus, Kayla**

# Invoice 20570

| | |
|---|---|
| **Date** | Apr 23, 2018 |
| **Terms** | |
| **Service Thru** | Apr 12, 2018 |

| Date | | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 03/23/2018 | CC | T/c with H. Faenza re: subpoena to Office of Bar Admissions | 0.10 | $ 400.00/hr | $ 40.00 |
| 03/24/2018 | CEB | Trial prep. including outline opening statement, make list of witnesses to subpoena; update trial to do list; consider demonstrative exhibits; begin assembling trial exhibits; work on cross examination of Ron Sapp; consider causation issues; review NCS' policies and procedures on reinvestigation; | 8.10 | $ 450.00/hr | $ 3,645.00 |
| 03/25/2018 | CEB | Further work on and drafting jury charges; | 0.80 | $ 450.00/hr | $ 360.00 |
| 03/26/2018 | CC | Reviewed e-mail messages from S. Sewell re: trial calendar; conf. with C. Bertschi re: trial prep | 0.30 | $ 400.00/hr | $ 120.00 |
| 03/27/2018 | CC | Worked on outline of direct examination of S. Sheppard; sent e-mail to J. Vance re: trial prep meeting | 1.60 | $ 400.00/hr | $ 640.00 |
| 03/28/2018 | CC | Prepared outline for direct examination of H. Faenza | 2.00 | $ 400.00/hr | $ 800.00 |
| 03/28/2018 | CEB | Email to Ms. Bumpus regarding status and position on the trial calendar; conference with co counsel re items on TODO list, witness from the State Bar and trial subpoena to NCS for documents related to puntive damages; brief research re FRE 902; | 0.60 | $ 450.00/hr | $ 270.00 |
| 03/29/2018 | CEB | Review trial exhibits; letter to opposing counsel re outstanding issues to discuss prior to or at the pretrial conference; further trial preparation including consideration of order of witnesses and when to read stipulations to the jury; telephone conference with Ian Lynklip re NCS' probable trial strategy; | 1.80 | $ 450.00/hr | $ 810.00 |
| 03/29/2018 | CC | Trial preparation, including preparation of outline of direct exam of J. Vance; t/c with J. Vance | 1.90 | $ 400.00/hr | $ 760.00 |
| 03/29/2018 | KWB | Document Management; assembling notebooks of trial exhibits for plaintiff; | 1.60 | $ 25.00/hr | $ 40.00 |



**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



**Bumpus, Kayla**

# Invoice 20570

| | |
|---|---|
| **Date** | Apr 23, 2018 |
| **Terms** | |
| **Service Thru** | Apr 12, 2018 |

| | | | | | |
|---|---|---|---|---|---|
| 03/30/2018 | CC | Trial preparation, including drafting of subpoenas for S. Sheppard, J. Vance and H. Faenza; work on Rule 902 affidavit from credit bureaus | 2.30 | $ 400.00/hr | $ 920.00 |
| 03/31/2018 | CEB | Prepare outline for Ms. Bumpus' direct examination and identify exhibits; conference with CJC re same; | 1.70 | $ 450.00/hr | $ 765.00 |
| 04/02/2018 | CC | Met with S. Sheppard re: trial testimony; revised outline of her direct exam; t/c with EXP and TU re: authentication of credit reports; sent e-mail to TU re: same | 3.10 | $ 400.00/hr | $ 1,240.00 |
| 04/03/2018 | CC | Trial preparation, including review of NCS' PTO inserts; t/c with K. Bumpus; and consideration of potential motions in limine | 6.90 | $ 400.00/hr | $ 2,760.00 |
| 04/04/2018 | CEB | Prepare for and attend pretrial conference; conferences with Ms. Bumpus re status; | 3.80 | $ 450.00/hr | $ 1,710.00 |
| 04/04/2018 | CC | T/c with K. Kotake and C. Bertschi re: pretrial order; met with J. Vance in preparation for trial testimony; attended pretrial conference; worked on motion in limine to exclude evidence of pre-dispute investigation | 7.70 | $ 400.00/hr | $ 3,080.00 |
| 04/05/2018 | CC | Worked on motion in limine to exclude evidence of pre-dispute investigation; t/c with K. Kotake and C. Bertschi re: pretrial order (several calls); reviewed jury charges; prepared subpoena for NCS' financial records; worked on outline of cross-exam of K. March | 7.90 | $ 400.00/hr | $ 3,160.00 |
| 04/05/2018 | CEB | Work on consolidated pretrial order; telephone conference with opposing counsel re outstanding PTO issues; finalize jury charges; consider demonstrative exhibits; review Ron Sapp deposition; review draft motion in limine; consider demonstrative exhibits and use of the ELMO instead of having boards printed; preliminary work on outline for Ron Sapp cross examination; finalize PTO; | 6.50 | $ 450.00/hr | $ 2,925.00 |



**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



Bumpus, Kayla

# Invoice 20570

| Date | Apr 23, 2018 |
|---|---|
| Terms | |
| Service Thru | Apr 12, 2018 |

| | | | | | |
|---|---|---|---|---|---|
| 04/06/2018 | CEB | Conference with co counsel re trial strategy, witness order and Mathew's testimony; | 0.50 | $ 450.00/hr | $ 225.00 |
| 04/06/2018 | CC | T/c with S. Sheppard re: status; finalized and filed motion in limine; sent e-mail to J. Vance re: status; exchanged e-mails with K. Kotake re: trial issues; worked on outline of K. March examination | 5.50 | $ 400.00/hr | $ 2,200.00 |
| 04/07/2018 | CEB | Trial prep, including work on opening statement, cross of Ron Sapp, direct of DJ Mathew and direct of Ms. Bumpus; instructions re preparation of exhibit binders and trial notebooks; prepare for meeting with Ms. Bumpus; | 8.90 | $ 450.00/hr | $ 4,005.00 |
| 04/07/2018 | KWB | Document Management -- prepare notebooks of Defense Exhibits | 4.00 | $ 25.00/hr | $ 100.00 |
| 04/07/2018 | CC | Trial preparation, including work on opening statement, cross exam of R. Sapp, cross exam of K. March, exam of DJ Matthew; and direct exams of all plaintiff's witnesses | 7.00 | $ 400.00/hr | $ 2,800.00 |
| 04/08/2018 | CC | Trial preparation, including meeting with K. Bumpus and work on opening statement | 4.60 | $ 400.00/hr | $ 1,840.00 |
| 04/08/2018 | CEB | Further trial prep including witness preparation session with Ms. Bumpus; edits to opening statement; creation of additional demonstrative exhibit; review Defendant's jury charges and preliminary preparation for charge conference; review Defendant's exhibits; edits to cross outline for Ron Sapp; | 6.50 | $ 450.00/hr | $ 2,925.00 |
| 04/09/2018 | CEB | Final preparations; attend call of the case for trial; telephone conference with opposing counsel and the court re Ms. Olson handling the case in Mr. Kotake's absence; | 3.30 | $ 450.00/hr | $ 1,485.00 |



**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



Bumpus, Kayla

# Invoice 20570

| | |
|---|---|
| **Date** | Apr 23, 2018 |
| **Terms** | |
| **Service Thru** | Apr 12, 2018 |

| 04/09/2018 | CC | Appeared at trial (excused for day after defendant's counsel did not appear due to accident); conf. call with Court, C. Bertschi and C. Olson; reviewed Court's proposed jury charges | 5.40 | $ 400.00/hr | $ 2,160.00 |
|---|---|---|---|---|---|
| 04/10/2018 | CEB | Trial; prepare for Day 2 of Trial; | 14.80 | $ 450.00/hr | $ 6,660.00 |
| 04/10/2018 | CC | Attended trial; preparation for second day of trial | 11.20 | $ 400.00/hr | $ 4,480.00 |
| 04/11/2018 | CC | Attended trial; preparation for final day | 9.70 | $ 400.00/hr | $ 3,880.00 |
| 04/11/2018 | CEB | Trial Day 2; prepare for Trial Day 3; | 13.50 | $ 450.00/hr | $ 6,075.00 |
| 04/12/2018 | CC | Attended trial | 8.80 | $ 400.00/hr | $ 3,520.00 |
| 04/12/2018 | CEB | Finalize closing argument; trial Day 3; debrief with client re next steps; | 10.30 | $ 450.00/hr | $ 4,635.00 |

In Reference To: National Credit Systems (Expenses)



**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



**Bumpus, Kayla**

### Invoice 20570

| Date | Apr 23, 2018 |
|---|---|
| Terms | |
| Service Thru | Apr 12, 2018 |

(21)

**McRae Bertschi & Cole LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338



**Bumpus, Kayla**

# Invoice 20570

| | |
|---|---|
| **Date** | Apr 23, 2018 |
| **Terms** | |
| **Service Thru** | Apr 12, 2018 |



| | | |
|---|---|---|
| **Total Hours** | | 407.30 hrs |
| **Total Service** | | $ 175,070.00 |



# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KAYLA BUMPUS,

               Plaintiff,

v.

NATIONAL CREDIT SYSTEMS, INC.,

               Defendant.

Case No.: 1:16-cv-01209-TWT-JFK
Hon. Judge Thomas W. Thrash, Jr
Magistrate Judge Janet F. King

## DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

Defendant National Credit Systems, Inc. ("Defendant"), through its counsel, Olson Law Group, for its Responses to Plaintiff's Requests for Admission, states:

1. **ADMIT THAT:** NCS is a collection agency.

**ANSWER: Admit.**

2. **ADMIT THAT:** NCS specializes in helping apartment owners and managers collect debts owed to them.

**ANSWER: Admit.**

3. **ADMIT THAT:** NCS has been in business since 1991.

**ANSWER: Admit.**

4. **ADMIT THAT:** NCS provides collection services to more apartment owners and managers than any other company in the country.

**ANSWER: Upon information and belief, admit.**

5. **ADMIT THAT:** NCS is licensed to collect debts throughout the United States.

**ANSWER: Admit.**

6.    **ADMIT THAT:** NCS does not have written policies or procedures for compliance with 15 U.S.C. S 1681s-2(b).

**ANSWER: Deny.**

7.    **ADMIT THAT:** NCS furnishes information regarding consumers to Equifax, Trans Union and Experian through the electronic reporting system known as E-Oscar.

**ANSWER: Admit.**

8.    **ADMIT THAT:** When a consumer disputes the accuracy of information that NCS furnished to a consumer reporting agency pursuant to 15 U.S.C. S 1681i(a). NCS receives an "ACDV" or a "CDV" from the consumer reporting agency to which the dispute was made.

**ANSWER: Admit that the consumer reporting agencies ("CRA's") transmit some but not all of the disputes that they receive from consumers to NCS.**

9.    **ADMIT THAT:** An "ACDV" is an Automated Credit Dispute Verification.

**ANSWER: Upon information and belief, admit.**

10.    **ADMIT THAT:** A "CDV" is a Credit Dispute Verification.

**ANSWER: Upon information and belief, admit.**

11.    **ADMIT THAT:** NCS receives ACDVs and/or CDVs from consumer reporting agencies via the E-Oscar system.

**ANSWER: Admit.**

12.    **ADMIT THAT:** The debt that Ms. Bumpus allegedly owed to JAI was placed for collections with NCS on or about August 25, 2014.

**ANSWER: Admit.**

13.    **ADMIT THAT:** When NCS first began attempting to collect the debt that Ms. Bumpus allegedly owed to JAI, it was seeking to collect $2,734.

ANSWER: Admit.

14.    **ADMIT THAT:** In November of 2014, DJ Mathew with JAI told NCS to reduce the collection balance by $850 because of representations he had made to Ms. Bumpus in an email.

**ANSWER: Admit that in response to NCS's inquiry, JAI advised NCS to reduce the collection balance by $850. Despite reasonable inquiry, the information available or known to Defendant is not sufficient to admit or deny the remaining allegations in this request and, therefore, the balance of the request is denied.**

15.    **ADMIT THAT:** On or about November 8, 2014, NCS furnished information to Equifax, Trans Union and Experian that Ms. Bumpus owed $1,884 to JAI.

**ANSWER: Deny.**

16.    **ADMIT THAT:** On or about November 8, 2014, NCS furnished information to Equifax, Trans Union and Experian that Ms. Bumpus owed $1,884.70 to JAI.

**ANSWER: Deny.**

17.    **ADMIT THAT:** On or about December 1, 2014, NCS received a CDV via the EOscar system indicating that Ms. Bumpus had disputed the accuracy of the information that NCS had furnished to a consumer reporting agency regarding Ms. Bumpus' alleged debt to JAI.

**ANSWER: NCS admits that, on or about December 1, 2014, NCS received a CDV sent on behalf of Plaintiff disputing the trade line. Despite reasonable inquiry, the information available or known to Defendant is not sufficient to admit or deny the remainder of this request which is vague, ambiguous and not reasonably specific, and, therefore, the balance of this request is denied.**

18.     **ADMIT THAT:** In response to the CDV described in the preceding paragraph, NCS confirmed the accuracy of the information it had reported about Ms. Bumpus' alleged debt to JAI.

**ANSWER: NCS admits that following its reinvestigation of Plaintiff's dispute, NCS verified that the subject debt was still alleged to be due and owing by JAI. Despite reasonable inquiry, the information available or known to Defendant is not sufficient to admit or deny the remainder of this request which is vague, ambiguous and not reasonably specific, and, therefore, the balance of this request is denied.**

19.     **ADMIT THAT:** On or about December 29, 2014, NCS received a CDV via the EOscar system indicating that Ms. Bumpus had disputed the accuracy of the information that NCS had furnished to a consumer reporting agency regarding Ms. Bumpus' alleged debt to JAI.

**ANSWER: NCS admits that, on or about December 29, 2014, NCS received a CDV sent on behalf of Plaintiff disputing the trade line. Despite reasonable inquiry, the information available or known to Defendant is not sufficient to admit or deny the remainder of this request which is vague, ambiguous and not reasonably specific, and, therefore, the balance of this request is denied.**

20.     **ADMIT THAT:** In response to the CDV described in the preceding paragraph, NCS confirmed the accuracy of the information it had reported about Ms. Bumpus' alleged debt to JAI.

**ANSWER: NCS admits that following its reinvestigation of Plaintiff's dispute, NCS verified that the subject debt was still alleged to be due and owing by JAI. Despite reasonable inquiry, the information available or known to Defendant is not sufficient to**

4

admit or deny the remainder of this request which is vague, ambiguous and not reasonably specific, and, therefore, the balance of this request is denied.

21.     ADMIT THAT: On or about February 2, 2015, NCS received a CDV via the EOscar system indicating that Ms. Bumpus had disputed the accuracy of the information that NCS had furnished to a consumer reporting agency regarding Ms. Bumpus' alleged debt to JAI.

ANSWER: NCS admits that, on or about February 2, 2015, NCS received a CDV sent on behalf of Plaintiff disputing the trade line. Despite reasonable inquiry, the information available or known to Defendant is not sufficient to admit or deny the remainder of this request which is vague, ambiguous and not reasonably specific, and, therefore, the balance of this request is denied.

22.     ADMIT THAT: In response to the CDV described in the preceding paragraph, NCS confirmed the accuracy of the information it had reported about Ms. Bumpus' alleged debt to JAI.

ANSWER: NCS admits that following its reinvestigation of Plaintiff's dispute, NCS verified that the subject debt was still alleged to be due and owing by JAI. Despite reasonable inquiry, the information available or known to Defendant is not sufficient to admit or deny the remainder of this request which is vague, ambiguous and not reasonably specific, and, therefore, the balance of this request is denied.

23.     ADMIT THAT: On or about September 28, 2015, NCS received a CDV via the EOscar system indicating that Ms. Bumpus had disputed the accuracy of the information that NCS had furnished to a consumer reporting agency regarding Ms. Bumpus' alleged debt to JAI.

ANSWER: NCS admits that, on or about September 28, 2015, NCS received a CDV sent on behalf of Plaintiff disputing the trade line. Despite reasonable inquiry, the

information available or known to Defendant is not sufficient to admit or deny the
remainder of this request which is vague, ambiguous and not reasonably specific, and,
therefore, the balance of this request is denied.

24.     **ADMIT THAT:** In response to the CDV described in the preceding paragraph,
NCS confirmed the accuracy of the information it had reported about Ms. Bumpus' alleged debt
to JAI.

**ANSWER: NCS admits that following its reinvestigation of Plaintiff's dispute, NCS
verified that the subject debt was still alleged to be due and owing by JAI. Despite
reasonable inquiry, the information available or known to Defendant is not sufficient to
admit or deny the remainder of this request which is vague, ambiguous and not reasonably
specific, and, therefore, the balance of this request is denied.**

25.     **ADMIT THAT:** On or about October 26, 2015, NCS received a CDV via the
EOscar system indicating that Ms. Bumpus had disputed the accuracy of the information that
NCS had furnished to a consumer reporting agency regarding Ms. Bumpus' alleged debt to JAI.

**ANSWER: NCS admits that, on or about October 26, 2015, NCS received a CDV
sent on behalf of Plaintiff disputing the trade line. Despite reasonable inquiry, the
information available or known to Defendant is not sufficient to admit or deny the
remainder of this request which is vague, ambiguous and not reasonably specific, and,
therefore, the balance of this request is denied.**

26.     In response to the CDV described in the preceding paragraph, NCS confirmed the
accuracy of the information it had reported about Ms. Bumpus' alleged debt to JAI.

**ANSWER: NCS admits that following its reinvestigation of Plaintiff's dispute, NCS
verified that the subject debt was still alleged to be due and owing by JAI. Despite**

reasonable inquiry, the information available or known to Defendant is not sufficient to admit or deny the remainder of this request which is vague, ambiguous and not reasonably specific, and, therefore, the balance of this request is denied.

27.     **ADMIT THAT:** On or about January 19, 2016, NCS received a CDV via the EOscar system indicating that Ms. Bumpus had disputed the accuracy of the information that NCS had furnished to a consumer reporting agency regarding Ms. Bumpus' alleged debt to JAI.

**ANSWER: NCS admits that, on or about January 19, 2016, NCS received a CDV sent on behalf of Plaintiff disputing the trade line. Despite reasonable inquiry, the information available or known to Defendant is not sufficient to admit or deny the remainder of this request which is vague, ambiguous and not reasonably specific, and, therefore, the balance of this request is denied.**

28.     **ADMIT THAT:** In response to the CDV described in the preceding paragraph, NCS confirmed the accuracy of the information it had reported about Ms. Bumpus' alleged debt to JAI.

**ANSWER: NCS admits that following its reinvestigation of Plaintiff's dispute, NCS verified that the subject debt was still alleged to be due and owing by JAI. Despite reasonable inquiry, the information available or known to Defendant is not sufficient to admit or deny the remainder of this request which is vague, ambiguous and not reasonably specific, and, therefore, the balance of this request is denied.**

29.     **ADMIT THAT:** On or about March 21, 2016, NCS received a CDV via the E-Oscar system indicating that Ms. Bumpus had disputed the accuracy of the information that NCS had furnished to a consumer reporting agency regarding Ms. Bumpus' alleged debt to JAI.

ANSWER: NCS admits that, on or about March 21, 2016, NCS received a CDV sent on behalf of Plaintiff disputing the trade line. Despite reasonable inquiry, the information available or known to Defendant is not sufficient to admit or deny the remainder of this request which is vague, ambiguous and not reasonably specific, and, therefore, the balance of this request is denied.

30.    **ADMIT THAT:** In response to the CDV described in the preceding paragraph, NCS confirmed the accuracy of the information it had reported about Ms. Bumpus' alleged debt to JAI.

ANSWER: NCS admits that following its reinvestigation of Plaintiff's dispute, NCS verified that the subject debt was still alleged to be due and owing by JAI. Despite reasonable inquiry, the information available or known to Defendant is not sufficient to admit or deny the remainder of this request which is vague, ambiguous and not reasonably specific, and, therefore, the balance of this request is denied.

31.    **ADMIT THAT:** In all communications with NCS, Ms. Bumpus has never acknowledged owing the alleged debt to JAI.

**ANSWER: Deny.**

32.    **ADMIT THAT:** In all communications with NCS, Ms. Bumpus has consistently disputed owing the alleged debt to JAI.

**ANSWER: Deny.**

33.    **ADMIT THAT:** On or about September 8, 2014, Ms. Bumpus told NCS personnel that she did not owe a debt to JAI.

ANSWER: Admit, only, that Plaintiff advised NCS that she believed she had paid all amounts due and owing to JAI and would continue to search for documentation

8

substantiating such belief. Despite reasonable inquiry, the information available or known to Defendant is not sufficient to admit or deny the remainder of this request which is vague, ambiguous and not reasonably specific, and, therefore, the balance of this request is denied.

34.    **ADMIT THAT:** On or about October 13, 2014, Ms. Bumpus disputed the alleged debt to JAI in a conversation with NCS personnel.

**ANSWER: Admit, only, that Plaintiff advised NCS that she believed she had paid all amounts due and owing to JAI and would continue to search for documentation substantiating such belief. Despite reasonable inquiry, the information available or known to Defendant is not sufficient to admit or deny the remainder of this request which is vague, ambiguous and not reasonably specific, and, therefore, the balance of this request is denied.**

35.    **ADMIT THAT:** On or about October 20, 2014, Ms. Bumpus disputed the alleged debt to JAI in a conversation with NCS personnel.

**ANSWER: Admit, only, that Plaintiff advised NCS that she believed she had paid all amounts due and owing to JAI and had forwarded documentation substantiating such belief. Despite reasonable inquiry, the information available or known to Defendant is not sufficient to admit or deny the remainder of this request which is vague, ambiguous and not reasonably specific, and, therefore, the balance of this request is denied.**

36.    **ADMIT THAT:** On or about November 24, 2014, Ms. Bumpus disputed the alleged debt to JAI in a conversation with NCS personnel.

**ANSWER: Admit, only, that Plaintiff advised NCS that she believed she had paid all amounts due and owing to JAI and had forwarded documentation substantiating such belief. Despite reasonable inquiry, the information available or known to Defendant is not**

sufficient to admit or deny the remainder of this request which is vague, ambiguous and not reasonably specific, and, therefore, the balance of this request is denied.

37.    **ADMIT THAT:** On or about October 9, 2015, Ms. Bumpus disputed the alleged debt to JAI in a conversation with NCS personnel.

**ANSWER: Deny.**

38.    **ADMIT THAT:** On or about March 8, 2016, Ms. Bumpus told NCS personnel that she disputed the alleged debt to JAI, but that she had to pay it so that she could take the Bar examination.

**ANSWER: Deny.**

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
**OLSON LAW GROUP**
2723 S. State St., Ste. 150
Ann Arbor, MI 48104
Tel: (734) 222-5179
Fax: (866) 941-8712
Dated: September 19, 2016          colson@olsonlawpc.com

10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KAYLA BUMPUS,

        Plaintiff,

v.

NATIONAL CREDIT SYSTEMS, INC.,

        Defendant.

Case No.: 1:16-cv-01209-TWT-JFK
Hon. Judge Thomas W. Thrash, Jr
Magistrate Judge Janet F. King

## PROOF OF SERVICE

    I, Charity A. Olson, hereby certify that on September 19, 2016, I served Defendant National Credit Systems, Inc.'s Responses to Plaintiff's Requests for Admission via United States First Class Mail, postage pre-paid, on the following parties:

Craig E. Bertschi
McRae Bertschi LLC
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338

          /s/ Charity A. Olson
        Charity A. Olson (P68295)
          Olson Law Group

# EXHIBIT D

**Craig Bertschi**

| | |
|---|---|
| **From:** | Craig Bertschi |
| **Sent:** | Friday, May 13, 2016 3:15 PM |
| **To:** | colson@olsonlawpc.com |
| **Subject:** | RE: Bumpus v National Credit Systems - New Matter |

Hi Charity.

Confirming our telephone conversation of this afternoon, my client is willing to dismiss her claim in the referenced case in return for (1) NCS removing the collection item at issue from her credit reports and (2) a lump sum payment of $10,500.  As I mentioned, this is a firm offer.

Thanks and I will look forward to hearing from you next week.

Regards,

Craig E. Bertschi
**McRae Bertschi LLC**
Suite 200, 1350 Center Drive
Dunwoody, Georgia 30338
ceb@mcraebertschi.com
678.999.1102

**From:** colson@olsonlawpc.com [mailto:colson@olsonlawpc.com]
**Sent:** Friday, May 13, 2016 2:40 PM
**To:** Craig Bertschi <ceb@mcraebertschi.com>
**Subject:** RE: Bumpus v National Credit Systems - New Matter

Hi Craig:

I just tried you office but I was not able to leave a message.

I am leaving the office shortly.

Please let me know your client's position

Thank you.

**Charity A. Olson**
**OLSON LAW GROUP**
2723 S. State St., Ste. 150
Ann Arbor, MI 48104
**Phone** (734) 222-5179
**Fax** (866) 941-8712

The information contained in this e-mail message and any attachments may be privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is strictly prohibited. If you

# EXHIBIT E

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KAYLA BUMPUS,

        Plaintiff,

v.

NATIONAL CREDIT SYSTEMS, INC.,

        Defendant.

Case No.: 1:16-cv-01209-TWT-JFK
Hon. Judge Thomas W. Thrash, Jr
Magistrate Judge Janet F. King

## DEFENDANT'S RULE 68 OFFER OF JUDGMENT

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant National Credit Systems, Inc., ("NCS"), through its counsel, hereby submits this Offer of Judgment ("Offer"), which allows judgment to be taken against NCS and in favor of Plaintiff on the following terms:

1.      NCS shall pay Plaintiff the total amount One Thousand One and 00/100 Dollars ($1,001.00) in full and final satisfaction of any and all damages sought from NCS in the above-captioned action.

2.      NCS shall also pay an additional amount for reasonable attorney's fees and costs incurred by Plaintiff in the above-captioned action. Such fees and costs shall be in an amount agreed to by the parties, or if they are unable to agree, as determined by the Court upon Motion.

3.      The judgment entered in accordance with this Offer shall be in total settlement of any and all claims arising from the allegations in Plaintiff's Complaint.

4.      This Offer is made solely for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure and is not to be construed as an admission that NCS has engaged in wrongdoing. NCS desires to save the time and costs associated with continued litigation.

Respectfully submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
**OLSON LAW GROUP**
2723 S. State St., Suite 150
Ann Arbor, MI 48104
Tel: (734) 222-5179
Fax: (866) 941-8712
Dated: July 19, 2016                              colson@olsonlawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2016, a copy of the foregoing document was served via
U.S. First Class Mail and electronic mail on the following parties:

Craig E. Bertschi
McRae Bertschi LLC
1350 Center Drive, Suite 200
Dunwoody, GA 30338
ceb@mcraebertschi.com

/s/ Charity A. Olson
Charity A. Olson (P68295)
**OLSON LAW GROUP**

2

# EXHIBIT F

**Craig Bertschi**

| | |
|---|---|
| **From:** | Craig Bertschi |
| **Sent:** | Sunday, September 18, 2016 2:13 PM |
| **To:** | colson@olsonlawpc.com; Asimina Vozis |
| **Subject:** | RE: Re: Bumpus v. NCS - Status/Discovery Issues/Demand |

Thank you, Charity.

Here are my responses and a few additional items:

1. This will confirm that your client's 30(b)(6) deposition and the depositions of Ms. Marsh and Ms. Teal will take place on October 14. Please let me know the time and location for the depositions so I can serve confirming deposition notices.

   a. I assume that you will make Ms. Marsh and Ms. Teal available without the need for me to subpoena them. Please let me know if this is incorrect.

   b. Obviously, I will need any supplemental document production your client intends to make at least a week in advance of the depositions.

2. This will confirm that the JAI deposition will take place on 9/23. You will attend by telephone. Please let me know what number we should call you on.

3. Regarding the issues raised in my letter of 8/15:

   a. Re Item No. 1 – Thank you. I will look forward to receiving the CDVs and your client's responses thereto, or your confirmation that they were not retained.

   b. Re Items No. 2, 3 and 4 – You will confirm that all responsive documents have been produced or not retained or you will produce responsive documents.

   c. Re Item No. 5 – Your comments below are correct. I will look forward to receiving the redacted contract.

   d. Re Item 6 – Thank you. I will look forward to hearing from you by 9/22.

   e. Re Item 7 – You agreed to consider this issue further and respond by 9/22.

4. We are agreeable to extending the discovery deadline for a reasonable period, e.g. 6 weeks, which would take us through the end of November. I have a week long trial scheduled for mid December and cannot agree to an extension that ends in December. I will expect you to prepare the Motion papers.

5. I am still conferring with Ms. Bumpus regarding dates for her deposition and will have those for you next week.

6. Ms. Bumpus' settlement demand is $35,000. This demand will expire on 9/22/16 at 5:00 PM EDT.